#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK.

IN AUGUST TERM, 1829, IN THE FIFTY-THIRD YEAR OF OUR INDEPENDENCE.

---

### HAXTON and BRACE *vs.* BISHOP.

THIS was an action of assumpsit, tried at the Greene circuit, in April, 1829, before the Hon. WILLIAM A. DUER, one of the circuit judges.

*In an action by the receivers of a bank, appointed under the act to prevent fraudulent bankruptcies, &c. to recover the amount of a note discounted at the bank, falling due after the appointment of the receivers, bank notes of the same bank of which the defendant became the holder, previous to his note falling due, cannot be set off against the demand of the plaintiffs, although, on the day his note falls due, the defendant makes a tender of the same in payment of his note.*

*Receivers are trustees not for the bank, but for the creditors of the bank. Their appointment, and the possession of a note by them, is a transfer or assignment of the note for the benefit of all the creditors; consequently, bank notes holden by a debtor of the bank, whose note has not fallen due, cannot be set off against a note thus transferred before maturity. Even had the note of the debtor been due when transferred, and payment had not been made or tendered before the transfer, a set off would not have been allowed.*

*An assignment of its property by a bank, after it has stopped payment, to persons other than officers or stockholders, in trust to apply the proceeds to the payment of all the creditors of the bank, in equal proportions, is a valid instrument, and not void under the provisions of the act to prevent fraudulent bankruptcies; and bank notes of the same bank, purchased by a debtor after such assignment, cannot be set off in an action against him.*

*An action on a promissory note endorsed in blank, belonging to a bank, may be sued by receivers or assignees, in their proper names, endorsees, without specifying their character as receivers or assignees.*

*In an action on a bank note payable on demand generally, and not at a particular place, a demand of payment is not necessary before the commencement of a suit.*

*Nor is a demand necessary on a note payable on demand at a particular place; but if, in such case, the defendant shews that he was ready at the place to make payment, and brings the money into court, he discharges himself from interest and costs.*

UTICA,
August, 1829.

Haxtun
v.
Bishop.

The declaration contained a count against the defendant as the maker of a promissory note for $1000, dated 25th May, 1826, payable in 90 days to Ira T. Day, at the Greene County Bank, and endorsed by him and Horace Austin. There were also the common money counts. The defendant pleaded the general issue and gave notice that on the trial of the cause he would prove that the note in question was discounted by the Greene County Bank for the accommodation of the maker, whereby the bank became the owner and holder of the same, and continued such holder until the 14th of August, 1826, when the plaintiffs were appointed *receivers* in pursuance of the act to prevent fraudulent bankruptcies by incorporated companies; that on the 20th of August, in pursuance of their appointment, the note in question was received by them from the officers of the bank; that on the 1st August, 1826, the Greene County Bank was indebted to the defendant in the sum of $2000 for money had and received, and lent and advanced, &c.

The note and endorsements being admitted, the defendant proved that on the 17th day of July, 1826, the Greene County Bank stopped payment; that the note in question had been discounted by the bank, was its property, and remained so, when the bank stopped payment. The defendant's counsel then objected to a recovery by the plaintiffs, contending that, by the sixth section of the act to prevent fraudulent bankruptcies, &c. (Statutes, vol. 7, p. 448 a,) a transfer of the note was void. The plaintiffs contended that the note being endorsed *in blank*, the defendant could not question the plaintiffs' right to recover. The judge decided the transfer to be void; whereupon the plaintiffs produced an assignment bearing date 28th July, 1826, from the Greene County Bank, under its corporate seal, to the plaintiffs and another person, of all the property, debts, securities, choses in action, &c. of the bank, *in trust* to apply the proceeds of the same to all the creditors of the bank, in equal proportions, according to the amount of their respective debts; and in case of surplus, to re-assign the same to the officers of the bank, for the use and benefit of the stockholders, deducting the expenses of the trust. The defendant's counsel insisted

that this assignment also was void ; which objection was also sustained by the judge. The plaintiffs then produced an exemplification of the proceedings in chancery, shewing a petition of the attorney general, stating the insolvency of the bank, and praying an injunction restraining the bank from the exercise of its franchises, from collecting or receiving any debts, or paying or transferring any of its monies or effects, and for the appointment of a receiver, in conformity to the directions of the statute ; an injunction issued in ·pursuance thereof, and served on the officers of the bank, the 15th August, 1826 ; an appointment of the plaintiffs as receivers on the 14th August, 1826, and an order to institute suits, made on the 25th October, 1826 ; and proved that after the *assignment* of the 28th July, the notes, &c. of the bank were delivered to the assignees ; that after the *appointment* of the receivers, the business relative to the bank was continued to be done at the banking house, under the control of the receivers, and that this suit, together with others, was instituted by their direction. The defendant again moved for a nonsuit, on the ground that the suit should have been instituted in the corporate name of the bank, or in the names of the plaintiffs, in their character as receivers. The Judge decided that the action was properly brought in the names of the plaintiffs generally, who must be considered as suing for the benefit of the creditors of the bank ; and that whatever legal or equitable claim of set off the defendant might have against the bank would be allowed ; and denied the motion for a nonsuit.

The defendant then proved that on the 23d day of August, 1826, he presented at the Greene County Bank $1000 of its notes, all bearing date previous to the 17th July, 1826, and demanded payment of the same, which was refused ; that he then tendered the same bank notes in ·payment of the note on which ·this suit is brought, and that they were refused to be thus received ; that on the *thirtieth* day of July, 1826, he had in his possession $829 of Greene County Bank notes, received by him of a Mr. Sandford at *par*. Sandford had received the notes of a Mr. Rodgers, in New-York, to pass off, with a knowledge that the bank had stopped payment, and

UTICA.
August, 1829.

Haxtun
v.
Bishop.

the defendant, with a like knowledge, took them of Sandford. On the part of the plaintiffs ; it was shewn that on the *twenty-sixth* day of July, 1826, the defendant settled an agency account with the bank, and paid $100 due on such settlement in Greene County Bank bills, saying that he had no more of such bills at *par*.

On this evidence, the defendant claimed that the $1000 should be allowed as a set off. The plaintiffs' counsel objected that to entitle the defendant to the set off, he should have shewn himself in a situation to have brought a suit against the bank, by a demand of payment of the notes previous to the appointment of the plaintiffs as receivers. The judge ruled that demand of payment of a bank note, made payable on demand, was not necessary before suit brought, and directed the jury to find a verdict for the defendant, who found accordingly. A motion was now made to set aside the verdict.

*Dorlon*, for plaintiffs.

*R. Sedgwick*, for defendant.

*By the Court*, SAVAGE, Ch. J. Several questions were raised in the progress of the trial, which will be noticed in their order.

1. It was objected that the plaintiffs could not declare as endorsees, but should have declared specially as receivers. The judge decided that the action was well brought by the plaintiffs as endorsees. To this decision, I can see no objection. In point of form, the plaintiffs shew a good title to the note, and in point of fact, they had title as receivers, if not as assignees ; and, as the defendant was not thereby deprived of any defence which he would have had if they had declared as receivers, there is no good reason for supporting this objection.

2. The judge decided that the transfer of the note and the assignment of the 28th July, were void by virtue of the sixth section of the act to prevent fraudulent bankruptcies by incorporated companies, (Statutes, vol. 7, p. 450 a.) That section prohibits an assignment of any property to any officer

or *stockholder* for the payment of any debt, and any assignment to *any person* in contemplation of insolvency; and renders such assignments void. The assignment in this case was not made to any officer or stockholder for the payment of any debt of theirs; nor was it an assignment to any one in contemplation of insolvency, within the purview of the act. If it is void, it must be because it is against the policy of the act. Instead of being so, it seems to me to have been in accordance with it. The statute intended to prevent an assignment which should give a preference to the officers or stockholders, and that a fair dividend should be made among the *bona fide* creditors; but I can see nothing in this section of the act, or any other, which, before an injunction, prohibits receiving monies due to the bank, or paying any of its creditors, except officers and stockholders of the bank, by transferring the property of the bank in payment. The assignment of July 28th was therefore, in my opinion, a valid instrument. If every assignment was forbidden, by the sixth section, there was no necessity for providing, in the seventeenth section, for an injunction to prevent the transfer of the effects of the bank. Besides, if every assignment was intended to be prohibited, it is strange that the legislature should have selected two instances only: one before insolvency, and in anticipation or *contemplation* of that event; the other, after insolvency, to *officers* or *stockholders* for the payment of any debt. The assignees here do not appear to be either officers or stockholders; and the object is not to pay any debt due to such officers or stockholders, but for the benefit of all the creditors of the bank.

But perhaps it is not important in this case whether the assignment of the 28th July was valid or not, as the plaintiffs were appointed receivers on the 14th August, before the note declared on was due. This appointment of receivers constituted the plaintiffs trustees, not for *the bank*, but for *the creditors* of the bank. The note was a negotiable note, transferred before due, and the set off can no more be allowed than if the parties here had been individuals. Where the payee transfers a note before due, while the maker holds a note against him, or has any other demand against him, nothing

is better settled than that the holder of the note by endorsement has nothing to do with the state of the accounts between the original parties. Even had the note declared on been due, but no payment made or tendered before the transfer, according to the decision of this court in *Wheeler* v. *Raymond*, (5 Cowen, 231,) confirmed in the court of errors, there could have been no set off. A set off must be between the parties to the record. The ground upon which it was admitted in this case was, that the plaintiffs were trustees for the bank. That was certainly an error. Receivers are appointed for the security of the creditors, and the property becomes the property of the creditors. They must take it, indeed, subject to all legal incumbrances ; but before the note was due, the defendant could not have any legal claim to set off, as against any one to whom the bank might transfer it. Suppose the bank had transferred this note before they stopped payment, and while the defendant held the bills of the bank to an equal or greater amount, it would not be pretended that the fact of having the bills constituted a demand which could be set off ; and yet there is no real difference between this case and the case supposed, when we consider the appointment of the receivers and the possession of the note by them, a transfer or assignment of the note for the benefit of all the creditors. All the creditors collectively should be in no worse situation than an individual creditor would have been. The fact of stopping payment does not vary the rights of the parties to a note or bill, provided the transfer in both cases be made before the note is due and payable.

The cases cited of *The Bank of Niagara* v. *McCracken*, (18 Johns. R. 493,) and *Jefferson Co. Bank* v. *Chapman*, (19 Johns. R. 322,) are not applicable here. In the first, the demand was assigned after the note was due ; in the second, there was no assignment in the case. The set off was excluded because the right did not exist at the commencement of the suit. Nor do the cases under the English bankrupt act apply. They are decided upon those acts, and do not seem to me to be analogous.

The justice of this case clearly corresponds with my conceptions of the law. When the bank stopped payment, the defendant was, as is admitted, a debtor to the amount of his note. This ought to be paid for the benefit of all the creditors, and not of Mr. Rodgers or Mr. Sandford, or any other bill holders in particular. But if a debtor can connive with his particular friends, who happen to hold the bills of the bank, and a considerable portion of the debtors might do the same thing, it will be perceived that the object of the legislature might be frustrated; and instead of all the creditors receiving a proportion of their demands, some will be paid in full, while others perhaps will receive nothing. There is no sympathy to be felt for the defendant. He had the money in his pocket to pay his note; and instead of doing so, he chooses to purchase at par the bills of an insolvent bank. If he loses, therefore, it is his own fault.

The grounds upon which I have placed the decision are applicable to all the other cases relating to the Greene County Bank, decided at the last October term, and render it unnecessary to decide a point raised here, and also in one of those cases; I mean the case against *Edward T. Stevens.** In that case, the defendant was possessed of $80 of the bills of the bank before the assignment; and the judge at the circuit decided against the set off, on the ground that the defendant had no cause of action, the notes of the bank being payable on demand, and *no demand being shewn* until after the assignment by the appointment of the receivers.

Whether a bank notes, payable on demand without specifying any place of payment, may be prosecuted without a demand at the banking house from which it issued, seems not to have received a judicial decision in this court. In the case of *The Bank of Utica* v. *Magher,* (18 Johns. R. 441,) it was held that no action lay upon the bills issued by the branch at Canandaigua, unless first demanded there. The act authorizing the establishment of an office of discount and deposit at Canandaigua, directed that no notes should be issued at such office unless countersigned by the cashier; and when so countersigned, they should be considered as paya-

* See note at end of case.

ble on demand *at the office of the said branch.* Spencer, Ch. Justice, in giving the opinion of the court, says, "Considering the object and provisions of the act, we have no hesitation in saying that payment of such bills must first be demanded at the branch." This was in accordance with the object of the legislature, which was, that a part of the funds of the bank of Utica should be transferred to Canandaigua, for the purpose of banking operation there. It was highly proper, therefore, that there should be a demand upon the branch which had possession of those funds, before the parent bank should be subjected to a suit. *In the bank of Niagara* v. *McCracken,* (18 Johns. R. 493,) Woodworth, justice, expresses an opinion that bank bills, payable on demand and not at any particular place, would sustain an action without a demand at the bank. In the case of *The Jefferson County Bank* v. *Chapman,* (19 Johns. R. 322,) this opinion of Mr. Justice Woodworth was said not to be the opinion of the court, and that the question whether a demand was necessary in such a case, was open; but it did not become necessary to decide it in that case. In the former of these cases a set off was allowed, on the ground that the defendant held $419 of the bills of the Niagara bank after his note became due to the bank, and before any suit was commenced, though they were not demanded at the bank until after the defendant's note had been assigned. The court, however, did not think the assignment varied the rights of the defendant, because the assignment was after the defendant's note had become due, and the assignee took it subject to all the equity existing at the time between the original parties. Perhaps, since the case of *Wheeler* v. *Raymond,* even that set off would not now be allowed, although a payment upon the note, or an appropriation of a counter demand after due and before assignment, undoubtedly would. These cases, therefore, do not decide the question. In the case of *Caldwell* v. *Cassidy,* (8 Cowen, 272, 3,) I remarked, that in case of a note payable on demand at a certain place, (a bank note for instance,) I thought a demand would be necessary, and referred to 5 T. R. 30, and 16 East, 112; and such I still think is the law in England at the present day, as ap-

pears from the cases cited in regard to all promissory notes, when the place of payment forms a part of the note itself. In this court, however, we hold that on such a note a demand at the place of payment is not necessary; but if the maker was at the place of payment with funds to pay the note, that fact is a good defence against interest and costs, provided the defendant avails himself of the defence by pleading it and bringing the money into court. Bank notes are promissory notes, and actions founded upon them are governed by the same rules. The corporation being a person in law, has the same rights, and is subject to the same liabilities as an individual, unless the act of incorporation varies those rights and liabilities. In relation to promissory notes, it is well settled that in an action on a note payable on demand, generally no demand need be proved; the commencement of the suit is a demand. So also is an action on a note payable at a particular place, on a particular day, it is not necessary to aver or prove a demand at the time and place; but the readiness of the defendant is matter of defence. It seems to follow, that in an action on a note payable on demand at a particular place, no demand need be averred or shewn; but if the defendant pleads that when the demand was made, that is, when the suit was commenced, he was ready at the place mentioned in the note to make payment, and brings the money into court, he discharges himself from interest and costs. Mr. Chitty, in his Treatise on Bills, p. 426, remarks, that a mode of enforcing bank notes was provided by 8 and 9 Wm. 3. ch. 20, sect. 30. . This was within a few years after the incorporation of the bank of England. "But now, when the right to receive payment is disputed, the course is to proceed by action against the bank." Both in England and here bank notes for some purposes are considered money; but in both countries, the remedy upon them is the same as upon promissory notes by individuals. If this be a correct view of the question, a holder of a bank note previous to suit need not make a demand of a note payable *on demand at the bank*; but if the bank is solvent, a defence will be made out, which will subject the plaintiff to costs. So, too, upon a bank note payable generally on demand, the commencement

UTICA,
August, 1829

Haxtun
v.
Bishop.

of a suit is a demand ; and it seems to me no other demand is necessary to sustain an action upon it.

If I am right, then, the defendant, Bishop, might have prosecuted the bank upon the notes which he held, previous to the appointment of the receivers in this case ; and had the note upon which this suit is brought been then due, according to the case of *The Niagara Bank* v. *McCracken*, the notes which he held on the 31st July would be a good set off; and if the defendant was correct in his position that the plaintiffs are trustees for the bank, the set off should be allowed. But in the case of *The Niagara Bank* v. *McCracken*, either the doctrine of set off was not understood as it now is, or the court did not consider the interest of the assignees, the suit not being in their names. Upon the whole case, I consider these propositions as established : 1. That the plaintiffs, either as assignees or as receivers of the court of chancery, are trustees for the creditors of the bank, but not for the bank itself, or its stockholders ; 2. That the plaintiffs having a lawful title to the note on which this suit is brought, may set out any correct legal title, either as endorsees or as receivers ; 3. That the set off cannot be admitted—because, 1. The note on which this suit is brought, was assigned by the bank for the benefit of their creditors, before the defendant bought the notes which he seeks to set off; and 2. Even if that assignment was void, the note passed before it was due into the hands of the plaintiffs as receivers of the court of chancery, and trustees for all the creditors ; and the note being negotiable, and having been negotiated before it was due, the maker cannot set up a defence of set off; 3. The maker of a promissory note can never, under any circumstances, set off against the endorsee a demand against the payee, provided the note was endorsed bona fide, and for a valuable consideration, before maturity. Although, therefore I consider the notes which the defendant purchased of Sanford, a legal demand against the bank, and one which he had a right to prosecute without any demand, still that demand cannot avail him in this suit, the note having been transferred before it was due. Had the note become due before the transfer, and had the defendant made any payment

upon it after due, or tendered such payment, that would have been a defence which would have been available to the defendant against the note, in the hands of any holder to whom it might have passed subsequently. But the mere having a demand against the payee of a note is of no consequence in a defence to the note, provided it was endorsed before maturity.

In my opinion, the plaintiffs made out a case entitling them to recover; and as the verdict was for the defendant, a new trial must be awarded, with costs to abide the event.

UTICA,<br>August, 1829.<br><br>Haxtun.<br>v.<br>Bishop.

New trial granted.*

---

* At the last October term of this court, there were *four* cases decided in actions brought by the same plaintiffs as receivers of the Greene County Bank, in which substantially the same questions arose as in this cause. One of them was the case of *Haxtun & Brace* v. *Stevens,* referred to in the opinion of the chief justice. This cause was tried before the Hon. Ogden Edwards, in April, 1826. The suit was on a promissory note for $125, due the 24th August, 1826. The defendant offered to prove, that previous to the assignment of the 28th July, and previous to the appointment of the plaintiffs as receivers on the 14th August, 1826, he was possessed of bank notes of the Greene County Bank, payable generally on demand, to the amount of $80; and that on the 24th August, he tendered to a clerk of the bank and of the plaintiffs, $125 of the bills of that bank, in payment of his note, which was refused to be accepted. The judge rejected the evidence, deciding that the $80 could not be set off, because a demand of payment had not been made prior to the appointment of the plaintiffs as receivers; and as the residue of the sum of $125, that it could not be set off, because when the defendant became possessed of the same, his note had been virtually assigned for the benefit of the creditors of the bank. A verdict was rendered for the plaintiffs, and on application to this court, a new trial was refused. It will be perceived, that although the court in the principal case do not sanction the doctrine that a demand is necessary previous to a suit brought on a bank note payable on demand generally, still that the set off as to both sums was inadmissible, within the principles established by that case.