Shaw, C. J.
When a negotiable note is indorsed and transferred after it is due, and the defendant relies- upon matter of set-off which he may have against the promisee, he can avail himself only of such matter of defence as existed between himself and the promisee, at the time of the actual indorsement and transfer of the note to the holder. A note does not cease to be negotiable, because it is overdue. The promisee, by his indorsement, may still give a good title to the indorsee. Notes or other matters of set-off, acquired by the defendant against the promisee, after such transfer, cannot be given in evidence in defence to such note, although the maker had no notice of such transfer, at the time of acquiring his demand against the promisee. Having made his promise negotiable, he is liable to any lona Jide holder and actual in-dorsee ; and therefore, even after the note has become due, in making payments to the original promisee, or in further dealings by which he gives him a credit, he has no right to presume, without proof, that the promisee is still the holder of the note. Besides; in case of payment of a negotiable note, or of a credit which the maker intends shall operate by way of payment, he has a right to have his note given up, if paid in full, or to see the payment indorsed, if partial. Should he insist on this right, in the case proposed, he would at once perceive that the person, to whom he is making payment or giving credit, is no longer the holder of the note. And this appears to us to be the true distinction between the indorsement of a note overdue, and the assignment of a chose in action. In the latter case, notice of the assignment must be given by the assignee to the debtor, to prevent him from making payment to the assignor. Without such notice, he has no reason to presume that the original creditor is not still his creditor; and payment to him is according to his contract and in the due and ordinary course of business. The assignee takes an equitable interest only, which must be enforced in the name of the assignor ; and, until notice, he has no equity against the debtor, which can be recognized and protected by a court of law or equity. The indorsee of a note overdue takes a legal *11 title ; but he takes it with notice on its face that it is discredited, and therefore subject to all payments, and offsets in the nature of payment. The ground is, that by this fact he is put upon inquiry, and therefore he shall be bound by all existing facts, of which inquiry and true information would apprise him; but these could only apprise him of demands then acquired by the maker against the payee.
We are aware that in the marginal note to Sargent v. Southgate, 5 Pick. 312, which is the leading case qn this subject, it is stated, that “ in an action by the indorsee against the maker of a negotiable note indorsed when overdue, the defendant may file in set-off a negotiable note made to him by the payee before he had notice that the note in suit was assigned.” And the point is so stated in. Minot’s Digest, 640. No such de cisión was called for, in that case, because all the demands, relied upon by way of set-off, were acquired by the defendant, whilst the original payee was holder of the note. But further • on a careful examination of the opinion, we think it will not be found that there is any such dictum, in regard to notice. The inadvertence, in extracting the marginal note from the case, probably arose from the very obvious analogy between the case of the indorsement of a note overdue, and the assignment of a chose in action, especially as there was nothing in the facts or the argument to call for a distinction between the two cases. The opinion of the court in that case, therefore, is not an authority opposed to the ground of decision adopted in this, namely, that this right of set-off must be confined to those demands against the payee or prior holder, which accrued to the defendant, whils* such payee or prior holder was the actual holder of the note, and will not extend to demands which accrued afterwards, although no notice of the indorsement was given to the debtor.
The defendant Little, the maker of the note now in suit, not having shown that he held the bills of the Franklin Bank at the time that his note was transferred to the plaintiff, he cannot set them off, in this suit. In a case in New York, it was held that bills of a bank, held by the defendant when his note *12 Decame due, could not be set off, in an action brought on the note by receivers appointed previously. Haxtun v. Bishop, 3 Wend. 13.
The English rule, in allowing set-off in an action upon a note, is somewhat more limited than our own, confining such defence to equities arising out of the same note, or transactions connected with it. Burrough v. Moss, 10 Barn. & Cres. 558. Here, it has been held, that an independent demand may be set off, where in other respects the party is entitled to go into that defence. Sargent v. Southgate, 5 Pick. 312. Ranger v Cary, 1 Met. 375.
Since the decision in Sargent v. Southgate, the principle decided by it has been confirmed, and the whole subject of set-off placed, by the Rev. Sts. c. 96, upon grounds more distinct and satisfactory than it was under the former statutes.
The principles already stated apply á fortiori to the case of Harris, the defendant in the second action, who was indorser of the same note. The note was transferred to the plaintiff by the Franklin Bank, in December 1837, soon after which, the defendant had actual notice of it from the cashier ; and it is found that the deposit to the credit of the defendant, upon which he relies by way of set-off, was made, and the credit obtained, in June 1838. It is stated indeed, that prior to that time there was a small balance to his credit, on deposit, of $ 12-88, but there were other demands of the bank, at that time, against the defendant, exceeding that deposit; so that the whole of the defendant’s demand against the bank, offered in set-off, accrued subsequently to the transfer of the note, which is now in suit, to the plaintiff.

Judgment, in both cases, for the plaintiff,