### JOHN GAMMON *versus* WILLIAM T. EVERETT.

In an action upon a promissory note, made payable at a place certain and on demand after a specified time, no averment or proof of a demand on the part of the plaintiff is necessary, to entitle him to maintain his suit.

ASSUMPSIT against W. T. Everett, one of the makers of a note of which a copy follows : —

"Harrison, April 11, 1837. For value received we jointly and severally promise to pay John Gammon or order, forty dollars on demand after one year from this date, at McWain's Mills, so called, in Waterford, with interest.

"William T. Everett,
"Hiram Everett."

At the trial in the District Court, GOODENOW J. presiding, the plaintiff read the note in evidence to the jury, and contended that he had supported his action thereby, without further proof. The Judge ruled, that it was incumbent upon the plaintiff to prove a demand of payment of the note, at the maturity thereof at McWain's Mills ; and, as the plaintiff offered no such proof, ordered a nonsuit. The plaintiff filed exceptions.

*J. S. Keith,* for the plaintiff.

*D. Dunn,* for the defendant.

The opinion of the Court was by

WHITMAN C. J.—The question raised in this case is whether

a note of hand, made payable at a place certain, and on demand after a specified time, can be declared upon, without averring a demand at the place, and after the time named. We have decided that no such averment is necessary, in the case of a note payable at a particular place on demand. *McKinney* v. *Whipple*, 21 Maine R. 98 ; and it has often been decided in this country, that no such demand is necessary, in case of notes payable at a particular time and place. *Carley* v. *Vance*, 17 Mass. R. 389 ; *Bacon* v. *Dyer*, 3 Fairf. 19 ; *Walcott* v. *Van Santvoord*, 17 Johns. R. 248 ; *Huxton* v. *Bishop*, 3 Wend. 13.´ A different doctrine, nevertheless, after much vacillation, has at length been established in England. 2 Brod. & Bing. 165. But in this country it is believed, that the decisions, in reference to that point, have been uniform.

It has been argued in the case at bar, that the stipulation to pay at a certain place, and on demand, after a specified time, presents a case not within the principle of our decisions ; that, in such case, the debtor cannot know when to make payment, or to be prepared therefor ; and that the time when the debt is payable is not fixed till the time of a demand made after the specified time had elapsed ; and that the statute of limitations would not begin to run till after such demand. To us, however, it seems, that the distinction is not well grounded. After the specified time had elapsed it was no otherwise than a note payable at a particular place on demand, and would come within the principle established in *McKinney* v. *Whipple*, before cited. The inability of the debtor to foresee when a demand would be made arises from the terms of a contract, which he has voluntarily made. His agreement was, according to the import of its terms, to be ready at any moment, after the specified time of payment had elapsed, to pay the amount due. This he could not well calculate to do without furnishing himself with the means of performance at the expiration of the specified term of credit, and keeping the same by him. If this would be a hardship it would be one of his own creation, of which he could not justly complain. The debt was due after the term of credit had expired ; as much

so as if the note in question had been made payable on demand, without any designation of either time or place. The bringing of the action therefore was a demand ; and according to the opinion of the Court, in *Caldwell* v. *Cassady*, 8 Cowen, 271, and *Huxton* v. *Bishop*, before cited, if the promisor was ready to pay at the time of such demand it might be pleaded in bar of additional damages and costs.

*Exceptions sustained : New trial granted.*