ATCHISON and another vs. DAVIDSON.

1. RECEIVER.   Receivers are appointed for the benefit of the creditors and parties interested, with authority to collect and pay over the assets coming to their hands, and they hold the same in trust for creditors and parties interested, and as officers and agents of the court, in whom the legal custody of such assets is vested.

2. SAME.   Where two receivers of the property and assets of a bank were appointed, and they transferred to D. a negotiable promissory note against third parties, part of the assets of such bank, in payment of a demand which he had against it, and there was no proof to show the extent of the authority of such receivers under their appointment, or to show that the other creditors of the bank had not been paid, or of fraud or unfair dealing in the transaction.   *Held*, 1. That the presumption was, that the receivers had full power to divide the assets among the creditors of the bank, and that in so transferring the note they had acted within the scope of their authority, and that the legal title to the note passed to D.   2. If the other creditors had not been paid in full, the receivers would be liable for a misapplication of the assets, and, while their act in transferring the note is presumptively legal, it is in this respect at their own risk.

3. PROMISSORY NOTE — BONA FIDE HOLDER. ' The indorsement of a negotiable promissory note to a third party before maturity, in discharge and satisfaction of a pre-existing indebtedness, and without notice to him of any existing defense or equity against the same, constitutes such indorsee a *bona fide* holder thereof.   See *Stevens v. Campbell*, 13 Wis. 375.

4. EVIDENCE — PRESUMPTION. The execution and delivery of a promissory note, is *prima facie* evidence of a settlement and adjustment of all existing demands between the maker and payee thereof.

ERROR to the District Court for *Dane* County.
The facts are fully stated in the opinion of the court.
*C. C. Washburn* and *A. L. Collins*, for plaintiff in error.

1. If the plaintiff was entitled to maintain an action on the note declared on, then the defendants were entitled

to set off against the same the bills of exchange men-
tioned in the pleadings.

2. That the receivers of the Mineral Point Bank had
no right to negotiate and give circulation to the assets of
the bank, and that as the paper sued on came to the
plaintiff through such receivers, he could not maintain
an action on it in his own name. *Hagedon v. Bank of
Wisconsin*, 1 *Pin. Haxton v. Bishop*, 3 Wend. 13.

*Dunn, Jones & Crawford*, for defendant in error.

MILLER, J. The defendant in error was the plaintiff
in the district court, where he recovered a judgment.
The suit was founded upon a negotiable promissory note,
drawn by the defendants, *John Atchison* and *Geo. W.
Atchison*, on the 7th August, 1841, for $1,000, and
payable to the order of Samuel B. Knapp two years after
date, and indorsed in blank by him to R. C. Knapp, and
by him in blank, through which indorsement the plain-
tiff made title. The defendants, to maintain their de-
fense, called two witnesses, who proved that the note
sued on was received by the plaintiff from the receivers
of the Bank of Mineral Point; that it was at one time in
the hands of said receivers as part of the assets of said
bank, and was delivered to the plaintiff in payment of or
in exchange for paper liabilities of said bank then held
by him. The defendants then offered in evidence a bill
of exchange, dated January 30, 1841, drawn by Samuel
B. Knapp upon Harvey St. John, in favor of Josiah A.
Noonan or order, for $600, payable at five days' sight,
and indorsed by Noonan to Henderson or order, and by
him to Douglass, and by him to Norton; the payment
of which said bill, on the 27th April, 1841, the de-
fendants guaranteed in thirty days, and on the twenty-
ninth of May thereafter its payment is acknowledged by
Norton. The defendants also offered in evidence one
other bill of exchange, dated Mineral Point Bank, March
27, 1841, drawn by Samuel B. Knapp, cashier, for $500,
upon J. Smith Homans, in favor of them, the said de-

fendants, and payable sixty days after date.  Said bill was indorsed in blank by the defendants to Isaac C. Allen and Clifton & Co.

The court decided that the note sued on, being a negotiable promissory note, the fact that it came into the possession of the bank, and was by the receivers of the bank transferred by delivery, before it came due to the plaintiff, a *bona fide* holder, for a valuable consideration, it could in no way be invalidated in the hands of such holder; and that he could recover on the note in this suit against the makers, without regard to any defense which might be set up by or between the other parties.  The court further decided that "the bill offered in evidence by the defendants in offset, bearing date and becoming mature previous to the date of the note sued on, the presumption was that all demands of the defendants against the bank previously to the date of said note had been settled between the defendants and the bank.      The court further decided, that the receivers could legally give circulation to the note as proven."

The first and principal question raised in this case is upon the delivery over of the note in suit, by the receivers of the bank, to the plaintiff.

Usually receivers are parties appointed for the benefit of the creditors of a bank, with power and authority to collect and pay over to them the assets.  In law, the choses in action of the bank are in their possession for the creditors, and to all intents and purposes are the property of the creditors.  *Baxter v. Bishop*, 3 Wend. 13.    The receivers hold the property and assets of the bank in trust for the creditors, as the agents of the court.  This court decided in *Hagedon v. The Bank of Wisconsin, ante*, that an attachment could not be levied upon the assets of the bank, at the suit of one creditor of the bank, after the appointment of a receiver.  In the opinion delivered, the court remarked that "the receiver was appointed to take possession of the assets, and keep them safe for those legally entitled to them; and is bound by

his bond to account for them. The receiver is a mere recipient or trustee of the property, without power to assign it, or exercise any acts of ownership over it but those of a bailee, and has but a qualified property in it. It is no argument in favor of the plaintiff in error that the ownership of the property attached was not divested from the bank, if the property was in *gremio legis*, which it then was. If the charter of the bank shall be declared forfeited, it will become necessary to distribute the assets among its creditors, and to accomplish which it is absolutely necessary that the law should take possession of the funds." These remarks are perfectly correct upon the facts of that case. The receiver was merely a temporary or conditional receiver or recipient of the assets during the pendency of the suit, and had no authority to disburse the funds, or divide the assets to and among the creditors, until the termination of the suit, and after a decree of forfeiture of the charter.

The extent of the authority of the receivers of the Bank of Mineral Point, when they had possession of this note, is not shown, but it is presumed that they had full power to disburse the assets and divide them to and among the creditors, in the absence of proof on the subject, and from the fact that this note was paid over to a creditor of the bank in negotiation of his claim. And what time this note was in their possession is not shown. When and how they settled their accounts, or whether or not the creditors have all been paid, nowhere appears. The presumption is that the receivers have discharged the duties of their office. There is nothing in the case to raise even a presumption of fraud or mismanagement, or waste or favoritism. The delivery over of this note to the plaintiff in payment of his debt does not show it. The plaintiff could not have compelled them to deliver him this note in such payment, but they could do so voluntarily, being responsible to the other creditors for waste or misappropriation of the fund, in case of a deficiency of assets. Whether there was a deficiency of

Atchison et al. vs. Davidson.

assets is not shown ; hence the presumption is that the plaintiff was legally entitled to the full amount of this note.

Such transactions on the part of executors and administrators are common, but are always voluntary and at their risk. It is a short and legal manner of settling the claims of a creditor, if no one is injured thereby. The plaintiff had a just claim against the bank, and he could legally receive this note in payment thereof. The defendants cannot raise this as an objection to his title thereto, or his right to receive the amount of it.

The bills of exchange are dated and made payable some months before the date of this note. For aught that appears, they came to the hands of the defendants and were in their possession before the date of the note, and before it became the property of the bank. No doubt the presumption arises that they would not have given their note to Knapp (or to him for the bank) if such were the case, if they then held the bills of exchange against him or the bank unsatisfied. But be that as it may, there cannot be any essential error in that part of the opinion of the court. There can be no objection to it as a principle of law. The note in suit is a negotiable promissory note, indorsed and transferred to the plaintiff before due, in the ordinary course of business, for a valuable consideration, without notice, the defense offered could not be received against him, either in payment or offset. *Swift v. Tyson*, 16 Pet. 1 ; *Baxter v. Bishop*, 3 Wend. 13 ; *Smith v. Von Loan*, 16 id. 659 ; *Raymond v. Wheeler*, 9 Cow. 295. It is therefore, the opinion of the court that the judgment be affirmed. Ordered accordingly.