---
Hurlbut *v.* Carter.
---

[MONROE GENERAL TERM, December 3, 1855. *Selden, Welles* and *Johnson,* Justices.]

---

GIDEON HURLBUT, assignee of the Rochester Insurance Company, *vs.* V. PERRY CARTER.

THE SAME *vs.* V. PERRY CARTER and RICHARD H. ROOT.

THE SAME *vs.* V. PERRY CARTER and ALEXANDER D. PHELPS.

An insurance company may make a valid general assignment of its property, for the benefit of creditors. But. the statute prohibits the giving of preferences in such assignments.

The assignee can maintain actions against all the debtors of the corporation.

The duty imposed upon the directors of an insurance company, by the act to provide for the incorporation of fire insurance companies, passed June 25, 1853, to ascertain losses, in the first instance, and determine what amount the corporation is liable to pay, and then to settle and determine the sum which each person insured is to pay, is in its nature judicial. The statute has conferred the power as a personal trust upon the directors ; and they cannot delegate it to another to exercise, either by a power of attorney or by an assignment.

Although a corporation can make a voluntary assignment, it cannot transfer to the assignee the power of its officers. The assignment transfers the assets merely ; not the franchise. And the assignee does not, by accepting the assign-

ment, become the corporation, nor acquire the powers which the statute confers upon the corporate body and its officers.

Therefore, where premium notes are among the assets assigned by an insurance company, the assignee has no power to make an assessment upon such notes, to pay losses which he has ascertained and determined to allow, and expenses attending the settlement and collection of the assessment.

THE Rochester Insurance Company, on the 6th of March, 1854, in pursuance of a resolution of the board of directors, made a general assignment for the benefit of its creditors, to the plaintiff. The capital of said company consisted wholly of premium notes. On the 1st of May thereafter, the plaintiff, as assignee, made an assessment upon the premium notes thus assigned, of between forty and fifty thousand dollars, to cover losses by persons insured in the company, which he had ascertained and determined to allow, and also the expenses attending the settlement and collection of the amounts assessed upon the several premium notes. In this assessment was included the following items: "Expenses of assignment, $4,500; interest, costs and expenses $5,266; ten per cent for collection, $4,735 19½ cents." Suits were brought for non-payment of the assessments, and judgments taken by default against the defendant Carter in each of the above causes, for the full amount of the premium note in each case, with costs. These judgments were severally perfected on the 24th of August, 1854. The amount thus assessed was not apportioned, extended and entered upon the books, so as to be ready for collection, until the 1st of October, 1854. Notices of the amounts thus assessed and apportioned against the defendant were sent to him by mail, on the 24th of October, 1854. It did not appear that any notice had been given previously.

These judgments were docketed in Allegany county, where the defendant resides, about the 24th of October, 1854. On the 13th of November, 1854, executions upon each of the judgments, with directions to the sheriff to collect the amount assessed upon each claim, with interest from the docketing of the judgments, were sent to the sheriff of Allegany county. The defendant moved, at a special term, to set aside the judgment

and executions, on the ground that the assessment made by the plaintiff was illegal and invalid, and that items had been included in the assessment which were improper in any assessment. An order was granted, at special term, setting aside the executions, and from this order the plaintiff appealed.

*J. M. Hatch*, for the plaintiff.

*Martin Grover*, for the defendants.

*By the Court*, JOHNSON, J. It is settled, upon authority, that a corporation, like the insurance company in question, may make a valid general assignment for the benefit of creditors. (*Haxtun* v. *Bishop*, 3 *Wend.* 13. *De Ruyter* v. *The Trustees of St. Peter's Church*, 3 *Barb. Ch.* 119. *Hill* v. *Reed*, 16 *Barb.* 280. 1 *Am. Lead. Cas.* 89, *note.*) Our statute prohibits the giving of preferences in such assignments.

The assignment being valid, it follows that the assignee can maintain actions against all the debtors of the corporation. The question whether any right of action had accrued against the defendant, when these actions were brought, does not arise, upon this appeal. The only question here is, whether there was any valid assessment on which any execution could issue. The statute under which this corporation was organized, (*Sess. Laws of* 1853, *ch.* 466, § 13,) makes every person effecting an insurance in such a company a member of the corporation during the period of insurance, and liable to pay for losses and necessary expenses *thereon*, in proportion to the amount of his deposit note. By this section it is made the duty of the directors of the corporation, on receiving notice of loss or damage sustained by fire, and ascertaining the same, or after rendition of judgment for the same, to settle and determine the sums to be paid by the several members, as their proportion of such loss. This settlement and determination of the proportion to be paid by each, is to be published, according to the by-laws, and unless paid within thirty days after publication and personal demand, the insured may be prosecuted and judg-

ment recovered for the whole amount of his deposit note. But execution can only be issued for the amount of the assessment, and costs as they accrue.

The act, it will be seen, has made it the duty of the directors to ascertain losses in the first instance, and determine what amount the corporation is liable to pay; and after ascertaining the same, or the rendition of judgment on the claim, they are further required to settle and determine the sum each of the insured is to pay. This duty is in its nature judicial. The statute has conferred the power as a personal trust upon the directors, and they cannot delegate it to another to exercise, either by a power of attorney or by an assignment. It is urged by the plaintiff's counsel that the assessment is a mere clerical act; or if it is not, the power to make it must necessarily vest in the assignee, to enable him to perform the trusts created and imposed, and for the benefit and protection of creditors. But this case shows conclusively, that something more than the duties of a mere clerk are involved, in making an assessment. Here are three items, amounting in the aggregate to over $14,000, for expenses, in addition to the losses. So that the assignee, as the affidavits show, has passed upon and determined, from proofs submitted, or otherwise, not only the amount of losses the corporation is liable to pay, but also the expenses thereon. Nor does it follow because a corporation can make a voluntary assignment, that it can transfer the power of its officers to the assignee. What is assigned? It is the assets merely; not the franchise. The assignee does not, by accepting the assignment, become the corporation, nor acquire the powers the statute confers upon the corporate body and its officers. He merely takes the choses in action belonging to it—the assets for collection and distribution. The corporation is not dissolved by the act of assignment, although it would in most, if not all cases, I think, be good cause for it. (*The State* v. *The Real Estate Bank*, 5 *Pike*, 596.) The corporation and its officers remain, with all the powers with which the statute has clothed them— the same after the asignment as before. The necessity claimed,

---

therefore, does not exist. But if it did, it could not operate to transfer powers which in their nature are not transferable.

The courts can always appoint a receiver in such a case, and prevent any failure of justice. The assessment, therefore, on which the executions were issued, was wholly unauthorized and void, and afforded no warrant to the assignee for issuing such writs. Had the assessment been proper in other respects, it was clearly erroneous in respect to the extraordinary and apparently exorbitant charges for expenses included in it. The act makes the insured liable for losses, and expenses which have accrued thereon. It is clear that a large proportion of the amount assessed as expenses, did not accrue from losses, and had not accrued when the assessment was made. Much of it was anticipated expense, from other causes, and must as is apparent, have rested very much upon speculation and conjecture. This power to assess for expenses, ought to be construed strictly, or its exercise, in unfaithful hands, would lead to the most flagrant and dangerous abuses.

Order of the special term affirmed.

[Monroe General Term, December 3, 1855. *Welles, Selden* and *Johnson,* Justices.]