## SUPREME COURT.

W. BARRON WILLIAMS, Receiver, &c. agt. FRANKLIN LAKEY and others.

SAME agt. LYMAN BICKFORD.

SAME agt. SALLY FISH.

SAME agt. WILLIAM DOAN.

Every *note* taken and held by a *mutual insurance company*, must be deemed taken upon the conditions and terms of the act under which the company is organized. The reference in the note in these cases, to the charter and by-laws of the company, make this condition a part of the contract. But if not so expressed on the face of the note, the same construction would apply to it.

A member of such a company, therefore, is not liable to an action upon his deposit note, where he is not in default in paying any assessment made according to the terms of the act under which such note was given. (*See to the same effect, Hurlburt* agt. *Root*, 12 *How.* 511; *Hurlburt* agt. *Carter*, 21 *Barb.* 221; *Shaughnessy* agt. *The Rensselaer Ins. Co.*, *id.* 606; also *Thomas, receiver* agt. *Whalen, MS. opinion*, 5th *district general term, by Judge* W. F. ALLEN.)

An *ex parte* order of the court, obtained by the plaintiff as receiver of such insurance company, directing him to sue for the *whole unpaid balance* on these notes, does not help the difficulty, or vary the case at all. The court cannot change

the terms of the contract of the defendants. All there is about that would seem to be that such an order was inconsiderately granted.

Neither does the *insolvency* of such company, and the process of winding up its affairs by a receiver, change the liability of a member thereof upon his note. The charter, the by-laws, and the terms of the contract, all upon their face, show that full payment of the note was not intended by the parties except as a penalty for the non-payment of an assessment.

The Revised Statutes relating to the dissolution of corporations, and the proceedings against them in equity, apply only to *stock* corporations, not to mutual insurance companies who have no stockholders, strictly speaking, the liabilities of its members being fixed by their contract.

*Monroe Special Term, May,* 1857.

DEMURRER to complaint. The action was upon premium notes. The complaint set out the notes and an order directing the receiver to sue for the whole premium notes of the company. Defendants demurred to the complaint.

S. K. WILLIAMS, *for plaintiff, in* 1*st,* 3*d and* 4*th causes.*
J. M. & H. T. HATCH, *for plaintiff in* 2*d cause.*
ALDRICH & HARRISON, *for defendants, in* 1*st and* 2*d cause.*
W. S. STOW, *for defendant in* 3*d cause.*
P. PEDDER, *for defendant in* 4*th cause.*

E. DARWIN SMITH, Justice. The complaint in each of these cases, sets up a note payable "in such portions and at such time or times as the directors of said company may agreeably to their charter and by-laws require." The complaint in each case also states, that the plaintiff as receiver, &c., was by an order of this court made at special term, at Batavia, June 14th, 1856, ordered and directed to sue for and collect the whole unpaid balance of the said premiums, as required for the payment of the losses and expenses of the company.

To these complaints there are demurrers for that they do not severally state facts sufficient to constitute a cause of action. The company of which the plaintiff is receiver, was organized June 18th, 1850, under the general act of 1849. Under this act, no provision is made in respect to assessments, but the act of 1853, (§ 20,) applies all its provisions to companies organized

under the act of 1849, (except that their capital may continue of the amount named in their respective charters,) and provided that every person effecting insurance in any mutual company, shall be bound to pay for losses and such necessary expenses accruing in and to said company, in proportion to the amount of his deposit notes. And it also provides, (§ 13,) that the directors after receiving notice of any loss or damage by fire, and ascertaining the same, shall settle and determine the same to be paid by the several members, as their respective portions of such loss, and the sum thus to be paid by each member, shall always be in proportion to the original amount of his deposit note, and shall be paid within thirty days after notice and personal demand, and in case of neglect to pay within that time, then the directors may sue for and recover the whole deposit note, with costs of suit, &c. Every note taken and held by a mutual insurance company, must be deemed taken upon the conditions and terms of the act under which the company is organized. The reference in the note in these cases to the charter and by-laws of the company, makes this condition part of the contract; but if it were not so expressed on the face of the note, the same construction would apply to it. The liability, therefore, of each member to make payment, depends upon this express or implied condition of his contract. He is liable to pay his due proportion of all losses, and is liable to be sued and compelled to pay the whole amount of his deposit note, if he neglects to do so, for thirty days after notice of " the sum to be paid by him," and personal demand. It was held by my brother STRONG, in *Hurlburt* agt. *Root*, (12 *Howard*, 511,) under this act of 1849, that an assessment must be made under the provisions of the act of 1853, for losses, &c., before a member would be liable to an action on his deposit note. This decision was affirmed at general term, in September last. The same decision made by this court, Judge JOHNSON, giving the opinion, in *Hurlburt* agt. *Carter*, (21 *Barb.* 221,) and by Judge HARRIS, in *Shaughnessy* agt. *The Rensselaer Insurance Co.*, (*same volume of Barbour*, 606.) The same point, too, has recently been decided in the same way, by the general

term of the 5th district, in the case of *Thomas, receiver* agt. *Whalen*, as per opinion of Judge ALLEN, recently published. Upon these authorities, the complaints in these cases, cannot be sustained. The fact that the plaintiff had obtained an *ex parte* order directing him to sue for the whole unpaid balance on these notes, cannot vary the case. The court could not change the terms of the contracts of the defendants, and the order in question, was doubtless inconsiderately granted, as too many orders in these cases have been, by all the judges, when an application is made *ex parte*, and the judge does not, as is very rarely the case, see or approve of the terms of the order. This order, at least, was granted upon a mistaken view of the law, and can be of no avail to the plaintiff, in maintaining these suits. But it is supposed that this view of the acts under which these companies are organized, and of their by-laws, do not apply after the insolvency of the corporation, and were only designed to govern the proceedings of the company and its relations to its members, while it was in full operation.

This argument is based upon the provisions of the Revised Statutes relating to the dissolution of corporations and the proceedings against them in equity. Section 69 of chapter 8, part 3, article 3, is supposed to furnish authority for the receiver to sue for the whole note in these cases. That section authorizes a receiver, if there shall be any sum remaining due upon any share of stock subscribed to any such corporation, to proceed and recover the same by suit, &c. This section only applies to stock corporations. In the mutual insurance companies there are no stockholders, strictly speaking. The notes given on the taking of a policy of insurance are not like the subscriptions to the capital stock of a joint stock corporation. Such subscription is an absolute engagement to pay towards the capital stock, the full amount subscribed. Where a receiver, under said section 69, calls for payment of the balance of an unpaid subscription, he merely requires the delinquent stockholder to fulfil his obligation. In making payment of such balance the stockholder merely performs his contract. Not so with the maker of a note given to a mutual insurance

VOL. XV.        14

company.   The charter, the by-laws and the terms of the contract, all upon their face, show that full payment of the note was not intended by the parties, except as a penalty for the non-payment of an assessment.   To require full payment after the insolvency of the corporation, without respect to the amount of the losses or debts of the company, is to require something beyond the terms, force and intent of the contract. The court cannot alter a man's contract, or make him pay more or sooner than he has agreed to do, or in a different manner.   The fact of the insolvency of the corporation, in short, cannot vary the contracts of a member of a mutual insurance company.   His liability is fixed by his contract.   It is conditional to pay only in just proportions with the other members liable to contribute to a common loss, and cannot be enlarged. There must be judgment for the defendants in all the cases upon the demurrers.