It is doubtful, at least, as it is unproven, that James Richards died an alien. It is more than probable that he has a brother living who can inherit under chapter 38, Laws 1875.

The conditions of sale should have no binding effect. The wife was directed to sell a good title, and the conditions were signed by the purchaser's son, without understanding its force and effect. He should be relieved if he did not get a good title, notwithstanding the conditions of sale. The title is not one which will sell. It demands proof and explanation. The court will not force a poor title on a purchaser who is holding only by a condition of sale unauthorized by the decree in so vital a particular. The order should be reversed, with costs and disbursements, and the motion denied, with costs.

---

(4 Misc. Rep. 245.)
## TROY WASTE MANUF'G CO. v. SAXONY WOOLEN MILLS et al.

(Supreme Court, Special Term, Orange County. June, 1893.)

CORPORATIONS—ASSIGNMENT FOR BENEFIT OF CREDITORS.

Under Laws 1890, c. 564, § 48, providing that no corporation which shall refuse to pay any of its obligations when due, nor any of its officers, shall assign any of its property to any of its officers, directors, or stockholders for the payment of any debt, and no officer, director, or stockholder shall make any transfer or assignment of its property to any person in contemplation of its insolvency, a corporation cannot make an assignment for benefit of creditors.

Action by the Troy Waste Manufacturing Company against the Saxony Woolen Mills and others.

James H. Ryan, for plaintiff.
Walter C. Anthony, for defendants.

PARKER, J. The following question is presented for decision: Under the law as it stood in September, 1891, could a manufacturing corporation organized under the act of February 17, 1848, in contemplation of insolvency, make a general assignment for the benefit of creditors without preferences? The right of corporations, trading or religious, to make assignments, if not restrained by statute, seems to have been settled. De Ruyter v. Church, 3 N. Y. 238; Haxtun v. Bishop, 3 Wend. 13; Robinson v. Bank, 21 N. Y. 406; Hurlbut v. Carter, 21 Barb. 221; Hill v. Reed, 16 Barb. 280. The Revised Statutes (chapter 18, pt. 1, tit. 4, § 4) relating to the assignment of property by a corporation in contemplation of insolvency provides:

"And it shall not be lawful to make any transfer or assignment in contemplation of the insolvency of such company to any person or persons whatever; and every such transfer and assignment to such officer, stockholder, or other person, or in trust for them or their benefit, shall be utterly void."

It has been repeatedly held that a general assignment by a corporation for the benefit of creditors without preferences is absolutely void. Harris v. Thompson, 15 Barb. 62; Robinson v. Bank, 21 N. Y. 406; Sibell v. Remsen, 33 N. Y. 96. Chapter 18, pt. 1,

Rev. St., of which the provision above quoted constitutes a part, was entirely repealed by chapters 564, 565, Laws 1890, the repeal to take effect in May, 1891. It was provided that existing laws should be continued in force, "modified or amended" so as to conform to the provisions of those chapters. Section 48 of said chapter 564 was substituted in place of that portion of the Revised Statutes heretofore alluded to, and was the law in force and regulating all corporations after it took effect, in May, 1891, and necessarily was in force in September following, the time referred to in the question submitted for decision. It is contended that the substituted provision does not in terms prevent a corporation from making an assignment in contemplation of its insolvency. It reads as follows:

"No corporation which shall have refused to pay any of its notes or other obligations when due, in lawful money of the United States, nor any of its officers or directors, shall assign any of its property to any of its officers, directors, or stockholders, directly or indirectly, for the payment of any debt; and no officer, director, or stockholder thereof shall make any transfer or assignment of its property or of any stock therein to any person in contemplation of its insolvency; and every such transfer or assignment to such officers, directors, or other person, or in trust for them or for their benefit, shall be void."

The point is made that the statute prohibits an officer, director, or stockholder of a corporation from making an assignment of its property, but that it does not prohibit the corporation. Section 8, St. Const. Law, (chapter 677, Laws 1892,) provides that "words in the singular number include the plural, and in the plural number include the singular." Adopting that rule of construction, the statute must be read as prohibiting the officers, directors, or stockholders of a corporation from making an assignment or transfer of its property. Necessarily, therefore, the prohibition includes all the officers, directors, and stockholders. That which all of the officers, directors, and stockholders are debarred from doing, the corporation is in effect prevented from doing, because it can only act through its officers, directors, or stockholders. It would seem to follow that a general assignment made by a corporation through the action of its officers and directors comes within the condemnation of the statute.