THE TROY WASTE MANUFACTURING COMPANY, Respondent, *v.* ELLEN HARRISON, Appellant, Impleaded With Others.

*Extra-judicial submission of a question for decision — transfer by a corporation in contemplation of insolvency — section 48 of chapter 564 of the Laws of 1890.*

There is no authority for the submission of an abstract question to a judge for decision (as distinguished from the submission of a controversy to a court, under section 1279 of the Code of Civil Procedure), nor for an appeal to the General Term from a decision rendered by a judge on such a submission, and the consideration of such a submission is extra-judicial.

*Semble,* that the prohibition of section 48 of chapter 564 of the Laws of 1890 (the Stock Corporation Law) — to the effect that no officer, director or stockholder of a stock corporation shall make any transfer or assignment of its property, or of any stock therein, to any person in contemplation of its insolvency — extends to the making of such an assignment by the corporation itself.

*Semble,* that under the law of the State of New York, as it stood in September, 1891, a manufacturing corporation organized under the act of 1848, could not make, in contemplation of insolvency, a general assignment for the benefit of creditors, without preferences.

APPEAL by the defendant, Ellen Harrison, from a decision made under the provisions of a stipulation by which there was submitted to a justice of the Supreme Court the question whether, under the law of New York, as it stood in September, 1891, a manufacturing corporation organized under the act of 1848 (Chap. 40) could, in contemplation of insolvency, make a general assignment for the benefit of creditors, without preferences.

The stipulation for submission was as follows:

## "SUPREME COURT.

" THE TROY WASTE MANUFACTURING COMPANY *against* ELLEN
HARRISON and Others.

" It is hereby stipulated that the following question, arising in the
action entitled above, shall be submitted to Hon. Alton B. Parker,
a Justice of the Supreme Court of the State of New York, at
Chambers, in the city of Kingston, New York, on the 15th day of
April, 1893, at 11 o'clock A. M., or as soon thereafter as counsel can
be heard, and that his decision thereon shall be final and conclusive
upon the parties to said action represented by us, except that within
thirty days after a copy of such decision is served on us by mail,
the party feeling aggrieved by such decision may appeal therefrom
to the General Term of said court :

" Question. Under the law (of New York), as it stood in September,
1891, could a manufacturing corporation organized under the act of
February, 1848, in contemplation of insolvency, make a general assign-
ment for the benefit of its creditors, without preferences ?

" MERRITT & RYAN,

" *Attorneys for Plaintiff*,

" (The Troy Waste Mfg. Company).

" WALTER C. ANTHONY,

" *Attorney for Ellen Harrison.*"

The decision made under the above stipulation was " that a gen-
eral assignment made by a corporation through the action of its
officers and directors comes within the condemnation of the statute.''

*W. C. Anthony*, for the appellant.

*James H. Ryan*, for the respondent.

DYKMAN, J.:

In pursuance of a written stipulation an abstract question of law,
involving the construction of an obscure statute, was submitted to a
justice of the Supreme Court.

The stipulation was not accompanied by a statement of facts upon
which a controversy was dependent, nor by an affidavit that the con-
troversy was real, and it did not appear that there was any contro-

versy, or that the submission was for the purpose of determining the rights of the parties.

The judge decided the question and wrote an opinion, but no order or judgment has been entered upon such decision, yet the defendant has appealed from the decision of the judge, in pursuance of a right so to do reserved in the stipulation.

Upon this statement the proceeding is plainly extra-judicial.

There is no authority for the submission of a question to a judge as such.    By section 1279 the parties to a question in difference which may be the subject of an action, may agree upon a case containing a statement of the facts upon which a controversy depends, and present a written statement thereof to a court of record, but the case must be accompanied by an affidavit that the controversy is real and that the submission is in good faith, for the purpose of determining the rights of the parties.    None of these requirements received compliance in this case, and the submission was not to the court.

There was, therefore, no case in court.    The parties agreed to request a judge to answer a legal question, and he complied with their solicitation.

Even less have we any jurisdiction.    This is an appellate tribunal, and cases come to us upon appeal from orders or judgments in actions or special proceedings.

There is no statute or practice, to our knowledge, authorizing an appeal from a mere decision.

We can make no judgment upon this appeal that can be enforced, and courts do not act as advisory tribunals.

However, as the question of jurisdiction or irregularity was not raised upon the argument, and the parties may abide by our opinion, we have concluded to examine the question submitted, which is this : Under the law of New York, as it stood in September, 1891, could a manfacturing corporation organized under the act of February, 1848, in contemplation of insolvency, make a general assignment for the benefit of creditors, without preferences ?

The answer to this question depends upon the interpretation to be placed upon section 48 of chapter 564 of the Laws of 1890, which is this : " No corporation which shall have refused to pay any of its notes or other obligations when due, in lawful money of the United States, nor any of its officers or directors, shall assign any of its

property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, and no officer, director or stockholder thereof shall make any transfer or assignment of its property or of any stock therein to any person in contemplation of its insolvency; and every such transfer or assignment to such officer, director or other person, or in trust for them, or for their benefit, shall be void."

This statute must be construed so as to effectuate the intention of its framers and obviate the evils anticipated by the Legislature.

At the head of the section preceding the lines quoted are these words: "Certain transfers of stock and property prohibited." Then follows the language quoted. The first part of the section applies to corporations as bodies politic, and the second to the officers and stockholders of such bodies. Both paragraphs commence with negative and prohibitive words. The first prohibits corporations which have refused to pay their obligations when due, and their officers and stockholders, from assigning any of its property to its officers, directors or stockholders for the payment of any debt. So far all is plain and no effort at interpretation can make it more perspicuous.

The question for our solution springs from the second paragraph, which prohibits officers and stockholders of a corporation from making any transfer or assignment of its property or any stock therein to any person in contemplation of its insolvency.

The contention of the appellant is that while this portion of the section prohibits an assignment by the officers and stockholders of a corporation from making an assignment of the corporate property and stock, yet the prohibition does not extend to the body corporate and it may yet make such an assignment.

We cannot yield our assent to such a construction of this portion of the section. In our view it was the intention of the Legislature to prohibit an assignment of the property of an insolvent corporation to any person in contemplation of insolvency. Corporations are artificial, intangible bodies, and can only act through their officers or agents, and as the officers are prohibited from acting it was the plain intention to prohibit the action.

While it is conceivable that a corporation may exist without officers, and may act by agents who are not officers, yet it is inconceiv-

able that the Legislature would prohibit an assignment by officers and yet entertain a latent intention to permit such assignment by the corporation in some unusual and undefined manner.

If the Legislature intended to permit an assignment by a corporation in contemplation of insolvency, it was an idle ceremony to prohibit the execution of the instrument in the usual manner by the officers of the company.

The statute must be allowed a wider range. Its design was to prevent the transfer of corporate property in fraud of creditors, and it would be poor protection to them to prohibit an assignment by officers and allow it by the corporation.

Without further pursuit of the question we concur in the views of Mr. Justice PARKER and conclude that the question submitted should be answered in the negative.

BARNARD, P. J., and PRATT, J., concurred.