Harris v. Thompson.

HARRIS, sheriff, &c. *vs.* THOMPSON.

An assignment, by an incorporated company, of all its property to a trustee, in trust for the payment of its creditors, ratably, made in contemplation of insolvency, is absolutely void, by statute. (1 *R. S.* 603, § 4.)

CASE agreed upon by the parties, under section 372 of the code. On the first day of April, 1852, *at* 9 *o'clock in the forenoon*, several judgments were recovered and docketed, (so as to become liens upon real estate,) against the "Astorogan Company," a manufacturing corporation, located and doing business

Harris v. Thompson.

in the county of Herkimer, amounting in the aggregate to about $12,000. On the same day, at three o'clock in the afternoon, the "Astorogan Company," "in contemplation of insolvency," as stated and admitted in the case, assigned all their real and personal estate, valued at about $50,000, to Henry Thompson, in trust for the payment of all the creditors of the company, ratably. On the 12th day of April executions were issued upon the several judgments to the plaintiff, Harris, sheriff of the county of Herkimer, and by him levied upon the goods, chattels and personal property of the defendants, and which had been assigned to Thompson. The sheriff, in behalf of the judgment creditors, claimed and insisted that the assignment was void by statute. This case was made, and the question upon the validity of the assignment was submitted for the de- cision of the court; the sheriff claiming that the assignee should deliver to him the assigned property, to be sold in satisfaction of the executions.

*Nolton & Lake,* for the sheriff and creditors.

*E. S. Capron,* for Thompson the assignee.

*By the Court,* W. F. ALLEN, J. The case agreed upon states, "that said assignment was made in contemplation of the insolvency of the said company; but said company had not at any time refused payment of any of its notes, or other evidences of debt, in specie or lawful currency." The latter branch of the statement is not deemed material by the sheriff and those alleg- ing the invalidity of the assignment. The statute under which the question presented arises is in these words: "Whenever any incorporated company shall have refused the payment of any of its notes, or other evidences of debt, in specie, or lawful money of the United States, it shall not be lawful for such com- pany, or any of its officers, to assign or transfer any of the prop- erty or choses in action of such company, to any officer or stockholder of such company, directly or indirectly, for the pay- ment of any debt; and it shall not be lawful to make any trans-

fer or assignment in contemplation of the insolvency of such company, to any person or persons whatever; and every such transfer and assignment to such officer, stockholder, or other person, or in trust for them, or their benefit, shall be utterly void." (1 *R. S.* 603, § 4; 4th ed. *p.* 1175.)

Two classes of transfers, or assignments by corporations, are prohibited by this section, upon its most obvious reading. By the first clause, assignments and transfers to stockholders or directors, directly or indirectly, for the payment of any debt, after the corporation shall have refused payment of its notes or evidences of debt, are forbidden, whether the company is solvent or insolvent. The object of this provision is evidently to prevent an undue preference of directors and stockholders in the payment of their debts over the creditors at large, without putting the latter to the proof of actual or contemplated insolvency, and making the refusal to pay debts of a specified character sufficient to defeat such assignment. The second clause prohibits all assignments and transfers by corporations, in contemplation of insolvency, to any person or persons whatever. The two clauses affect different classes of persons, and are made to depend upon different contingencies. The first acts upon directors and stockholders only; and is applicable when payment of certain debts has been refused; the second extends to all persons, and applies to assignments for any purpose, made in contemplation of insolvency. Every "*such*" transfer and assignment, that is, every transfer and assignment coming within either prohibition, is declared to be utterly void. I do not see that it can be made plainer by argument. The two clauses are entirely distinct and independent, and each is perfect without the other. The refusal to pay a debt or debts is not made evidence of insolvency, or that the managers deemed the corporation insolvent under the second paragraph. It would doubtless be a circumstance to be submitted to a jury upon a controverted question whether the assignment was or was not made in contemplation of insolvency, but would not necessarily be controlling. But in this case the parties have said that this assignment was made in contemplation of insolvency. The fact is admitted, which

brings it within the prohibition of the act, and renders it entirely void, and it cannot avail the assignee to insist that one circumstance which, in other aspects, would tend to establish the fact, does not exist. Proper provisions are made by law for the distribution of the assets of insolvent corporations, by a receiver to be appointed by and to act under the direction of the court, with all necessary safeguards against fraud, and with the requisite proceedings to ascertain the debts of the corporation, and to determine who may be entitled to share in the distribution of the assets. (2 *R. S.* 466; *4th ed. p.* 709. *Art. 3d of title* 4 *of chap.* 8 *of part 3d.*) Construing the section under which it is claimed that this assignment is void, in the light of the provisions for the voluntary dissolution of corporations, it is quite evident that it was not the intention of the legislature to leave in the hands of the directors of an insolvent corporation the power to select their own agent to distribute the assets. Public policy, and the just protection of the rights of stockholders and creditors, required the selection of a trustee, for the benefit of all interested, to be made by the courts, and not by the interested managers of the association. It was necessary to prevent fraudulent insolvencies and fraudulent practices in the distribution of the assets of the corporation. *Bowen* v. *Lease*, (5 *Hill*, 221,) does not decide the question presented to us. It merely decides that the section under consideration was applicable to the New-York and Erie Railroad Company, without determining the construction of the section. In *Haxtun* v. *Bishop*, (3 *Wend.* 13,) it was not material whether the voluntary transfer of the bank was valid or not, as the plaintiff had title as receiver, confessedly valid, and the chief justice, so far from resting the decision of the cause upon the validity of the assignment, held that question not material; and of course what he says upon that point, is out of the case. But if in point, I do not understand him as advancing the proposition that no assignment is within the prohibition of the act which does not give preferences to the officers or stockholders of the corporation. To hold this would be to engraft upon the act a provision not expressed or implied in its terms. He says that the act only forbids assign-

Harris *v.* Thompson.

ments in two cases, and that the assignment then before the court was not within either class of cases ; that it was not made to any officer or stockholder, for the payment of any debt of theirs, and was not an assignment to any one in contemplation of insolvency, within the purview of the act. If not made in contemplation of insolvency it was of course not within the prohibition, and whatever might be said for or against the conclusions of fact of the learned chief justice, in that case, the parties to this submission have expressly admitted that this assignment was made in contemplation of insolvency, and thus relieved us of all embarrassment on that subject. The power of corporations to assign in contemplation of insolvency was not involved in *De Ruyter* v. *The Trustees of St. Peter's Church,* (3 *Barb. Ch. Rep.* 119,) and therefore it is not surprising that we do not find it discussed in the opinion of the chancellor.

We are of the opinion that the assignment is void for the reason that it was made in contemplation of insolvency ; and a judgment must be entered declaring it void, as against the judgments and executions mentioned in the statement of facts. The counsel for the assignee suggests that the judgment should contain a provision affirming the acts of the assignee, done in good faith, under the assignment. This is not necessary, as this is not an action to set aside the assignment and for an accounting, but simply a proceeding to test the right of the creditors to the property still in the hands of the assignee, in specie ; and it was doubtless in this view that the parties have expressly provided that the only question to be submitted was as to the validity of the assignment.

Judgment for the plaintiff.

[ONEIDA GENERAL TERM, January 3, 1853.   *W. F. Allen, Hubbard* and *Pratt,* Justices.]