Welles, J.
 

 The Revised Statutes provide that it shall not be lawful for any incorporated company to make any transfer or assignment, in contemplation of the insolvency of such
 
 *408
 
 company, to any person or persons whatever; and declare that every such transfer and assignment shall be utterly void. (1 R. S., 603, § 4.) This section belongs to title 4 of chapter 18 of part first, and in terms embraces the present case. The notes and money mentioned in the finding of facts by the court below, amounting to $5,000.01, were transferred by the Hollister Bank to the Bank of Attica, the defendant, in anticipation of the insolvency of the former, and by the statute referred to the transfer was utterly void, provided the Hollister Bank was an incorporated company and subject to the section and title of the Revised Statutes referred to.
 

 The 11th section of the same title is as follows: “ The provisions of this title shall not apply to any incorporated library or religious society; nor to any moneyed corporation which shall have been or shall be created, or whose charter shall bfe renewed or extended after the 1st day of January, 1828,
 
 and which shall he subject to the provisions of the 2d title of this chap
 
 ter.” The Hollister Bank was an association for banking purposes, formed under the act of 1838, entitled, “an act to authorize the business of banking.”
 

 Although the question, whether the legislature which enacted the last mentioned statute intended to invest the banking associations to be formed under it with the attributes and qualities of corporations, has been gravely doubted by able jurists, that question should now be considered at rest in consequence of the repeated decisions of the courts holding that they are corporations. (The
 
 People
 
 v.
 
 Supervisors of Niagara county,
 
 4 Hill, 20;
 
 Willoughby
 
 v.
 
 Comstock,
 
 3
 
 Id.,
 
 339;
 
 The People, ex rel. The Bank of Watertown,
 
 v.
 
 Assessors of Watertown,
 
 1
 
 Id.,
 
 616;
 
 Leavitt
 
 v.
 
 Blatchford,
 
 5 Barb. S. C. R., 9, and cases there cited;
 
 S. C. on appeal,
 
 17 N. Y. R., 521;
 
 Gillet, receiver, &c.,
 
 v.
 
 Moody,
 
 3 Comst., 479;
 
 Cuyler
 
 v.
 
 Sanford,
 
 8 Barb. S. C. R., 225.) After such a long course of adjudication on the subject, it would not be profitable to examine the question upon the act of T838 as an original one. The 4th section of title 4, above referred to, uses the expression “incorporated company.” If the associations formed under the general banking law are
 
 *409
 
 corporations, no argument is necessary to prove that they are incorporated companies.
 

 It only remains to consider whether the 4th section, before mentioned, applies to these banking associations. That depends. upon whether they are moneyed corporations, subject to the 2d title of the chapter referred to. If they are, then the said 4th section does not apply to them. The language of the 11th section implies that there was, or might be, a class of moneyed corporations which would not be subject to the said 2d title. That such associations are moneyed corporations does not, therefore, prove that they are subject to the provisions of the 2d title. That they are moneyed corporations, is as well settled as that they are corporations at all. Indeed, if they are corporations, there can be no espape from the conclusion that they are moneyed corporations. Then, are they subject to the provisions of the 2d title ? This question has been so distinctly answered in the negative by several recent decisions of this court, that I am relieved from any examination or discussion of it.
 
 (Curtis
 
 v.
 
 Leavitt,
 
 15 N. Y., 9;
 
 Leavitt
 
 v.
 
 Blatchford,
 
 17
 
 Id.,
 
 521;
 
 International Bank
 
 v.
 
 Bradley,
 
 19
 
 Id.,
 
 245.) In the case cited from 17 New York, it is held that associations under the act to authorize the business of banking are not subject to the “ regulations to prevent the insolvency of moneyed corporations," &c. (2 R. S., 588), except so far as they have been incorporated into the general banking law of 1888, or expressly applied by subsequent statutes. . Judge Harris, who delivered the prevailing opinion of the court, reviews the cases in which the question had been considered and passed upon, and concludes his remarks on the .subject as follows: “ Upon the whole, I am satisfied that the legislature of 1838 intended to introduce a new and independent system of banking, and establish, for the government of institutions organized under such new system, new and independent regulations, and to leave all previous statutes relating to moneyed corporations to be applied to chartered banks then in existence.” In the previous case of
 
 Curtis
 
 v.
 
 Leavitt
 
 (15 N. Y., 9), Judge Comstock discusses the question with great ability and clear
 
 *410
 
 ness, and shows that the provisions of the 2d title of the Revised Statutes, above referred to, and which is entitled,
 
 “
 
 Regulations to prevent the insolvency of moneyed corporations, and to secure the rights of their creditors and stockholders,” do not apply to associations organized under the general banking law. And in the case of
 
 The International Bank
 
 v.
 
 Bradley (supra),
 
 the same doctrine was distinctly recognized and acted upon. The three cases last mentioned clearly overrule all that had been held or asserted to the contrary in previous cases.
 

 The 4th section of title 4 of chapter 18 of the first part of the Revised Statutes embraces, in terms, all incorporated companies ; but the 11th section of the same title excludes from its operation incorporated libraries, religious corporations, and such moneyed corporations as are subject to the 2d title of the same chapter, leaving all other corporations under its operation. The Hollister Bank, therefore, being an incorporated company, and not subject to the provisions of the 2d title of the chapter referred to, and the transfer of the notes. and money in question being in contemplation of insolvency, it follows that the transfer was void. <,
 

 The finding of facts by the court before which the carrse was tried, as contained in the Case, does not state that the transfer was made in contemplation of insolvency; but the facts distinctly found and stated in the finding are sufficient to require of the court to adjudge, as matter of law, that the transfer was in contemplation of .insolvency.
 

 It is contended by the counsel for the defendant that the 4th section of title 2 does not apply to the present case: 1st. Because the clause of that section relied upon by the plaintiff is applicable only to a general assignment, and not to the payment of any creditor; 2d. Because associations formed under the general banking law are not subject to any provisions of the statutes applicable to corporations created by special charters; and, lastly, that the Hollister Bank, having paid the two acceptances in question to the defendant (who was the
 
 iona fide
 
 holder of them for value), before the appointment of the receiver, the
 
 *411
 
 payment (the transfer in question) was valid, and should be permitted to stand.
 

 In regard to the first of these reasons, it is sufficient to say, that the statute referred to forbids any transfer or assignment in contemplation of insolvency. The case is within the letter of the statute, and most clearly within its spirit and policy.
 

 In this connection, the case of
 
 Haxtun & Brace
 
 v.
 
 Bishop
 
 (3 Wend., 13), is referred to by the defendant's counsel. In that case, the assignment in question was general of all the effects of the Greene County Bank in trust for the benefit of "the creditors of the bank without preference. The court held the assignment valid, although that was unnecessary to produce the result which was arrived at by the court. I confess my inability to perceive how the case can be regarded an authority for the defendant in this particular connection. It is true, Judge Savage, who delivered the opinion of the court, makes some remarks, which, perhaps, bear on the question, whether, the transfer in this case was in contemplation of insolvency. But, upon that question, there seems to have been no point made between these'parties. The remarks of Judge Savage are to the effect that an act, to be in contemplation of insolvency,-must be done in ant^pation of insolvency, that is, in 'view of a future state of things expected or contemplated to take place after the act is done.
 

 To exclude from the operation of the 4th section of the 4th title,' under consideration, transfers and assignments made in view or contemplation of present existing insolvency of the corporation, would be to deprive it ■ of its most efficacious, practical and useful quality and character. Such, I am persuaded, is not the true construction of the section.
 

 The second reason assigned by the counsel, why the 4th section does not apply to this case, has already been considered, and shown not to be available.
 

 In respect to the remaining reason in support of the proposition, I can only say that its force is not perceived. The spirit of the 4th section forbids any parting with its effects by ■ a corporation not excepted from the operation of the 4th title
 
 *412
 
 by the 11th section of the same title, in contemplation of insolvency, whether existing or anticipated. This casa, I think, was within the letter as well as the policy amt purview of the statute. The notes and money were'transierred by the Hollister Bank, none the. less because they were received by the defendant in payment t)f the acceptances.
 

 For the foregoing reasons, we are of the opinion that the order of the general term of the Superior Court, granting a new trial, should be reversed, and that the judgment of the special term of the same court should be affirmed.
 

 Davies, J., delivered an opinion substantially to the same effect as the preceeding; all the other judges concurring,
 

 Judgment affirmed.