WILLIAM E. SIBELL, Assignee of the Forest and Agricultural Steam Engine Company, Appellant, *v.* GEORGE REMSEN, Sheriff of Kings County, Respondent.

Where it appears, upon the face of a general assignment, that it was made by a manufacturing corporation in contemplation of insolvency, the instrument is void, though it provides for the ratable distribution of the proceeds among all the creditors.

THE summons in this case was for relief. The complaint alleged that the plaintiff possessed certain chattels, by virtue of an assignment, duly executed and delivered to him, by the "Forest and Agricultural Steam Engine Company," formed under the General Manufacturing act, &c., and that the defendant wrongfully and unlawfully seized said property and took possession of it, and divested plaintiff of his possession of it, and still retains it; and that the property is worth $40,000, in which sum the plaintiff is damnified.

The answer denies the making and delivery of the assignment, and also the unlawful seizure and detention by the defendant of the property named in the complaint. It alleges the receipt of certain executions, as sheriff of Kings county, issued, &c., upon judgments against said association, and the levy of the same upon the property claimed by plaintiff in his complaint, as he had a lawful right to do; and denies all other material allegations of the complaint. Upon the trial, the plaintiff proved the formation of the association under the act authorizing the formation of corporations for manufacturing, &c., purposes, and that, at a regular meeting of all

its directors, held on the 16th February, 1859, a resolution was passed making a general assignment and transfer of its property, *in trust*, to the plaintiff, for the benefit of all its creditors, ratably, without preference; and on the same day, and in pursuance of said resolution, the assignment was made to the plaintiff, who accepted the same and immediately took actual possession of the assigned effects, and continued in such actual possession until ousted by defendant.

On the part of the defendant, it was proved that he was sheriff of Kings county, and that as sheriff he received after such assignment, two executions issued upon valid judgments against said association, and that he levied the same upon said property. Upon this evidence the court took the case from the jury, and dismissed the complaint, on the ground that the assignment under which the plaintiff held the property, appearing upon its face to have been made in contemplation of insolvency by the association, was void, and that no title was conveyed to the plaintiff.

*S. Sanxay*, for the appellant.

*Wm. H. Scott*, for the respondent.

Porter, J. The assignment under which the plaintiff claims was made in contemplation of insolvency by a manufacturing corporation organized under the general act of 1848. It falls directly within the prohibition of the statute, which condemns such instruments as utterly void. (1 R. S., 603, § 4; *Harris* v. *Thompson*, 15 Barb., 62; *Robinson* v. *Bank of Attica*, 21 N. Y., 406.)

The complaint was properly dismissed, and the judgment should be affirmed.