## THE AMERICAN ICE MACHINE COMPANY vs. THE PATERSON STEAM FIRE ENGINE AND MACHINE COMPANY, AND HAYES.

The defendants contracted with the complainants to construct an ice machine. It was to be finished, and to be put up in working order ready for trial in six weeks; the payments to be $300 a week for the first and second weeks, and $400 a week thereafter, until finished, provided the work was satisfactory to the complainants, and the balance at a time specified. The machine was not ready for trial on the day named. The complainants then extended the time twelve days. At that time a trial was had, but the machine proved defective in essential particulars. While the machine was in this situation the Paterson Company, having become insolvent, assigned all its property to Hayes for the payment of its debts under the provisions of the Assignment Act. Hayes did not cause the machine to be completed, but issued an attachment for the balance remaining unpaid. The machine was attached and ordered to be sold. The extension of time made no provision for payment during that time. The defendants contend that they are entitled to $400 a week for such extended time. The contract further provided that if the machine was not ready for trial in six weeks, a penalty of $50 for each day's default, as liquidated damages, should be deducted from the price.

*Held,* that the claim for penalties during the twelve days' extension ould not be sustained; the extension of the time waived the penalties during the extension. That if it is assumed that the weekly payments applied to the extended time, it must also be assumed that the condition that the work should be satisfactory was extended to these payments. That the defendants having neglected to complete and deliver the machine, the complainants had a right to regard the contract as rescinded, and to demand back the money paid. They are consequently creditors of the defendants entitled to proceed against them under the act to prevent frauds by incorporated companies. That the defendants being insolvent at the time of the assignment to Hayes, that assignment is void, though made for the benefit of creditors. All proceedings in the attachment suit restrained, and the creditors and assignee of the Paterson Company restrained from proceeding with its business and disposing of its effects. Receiver to be appointed.

This matter was argued upon a rule to show cause why an injunction should not issue to restrain the corporate defendant as an insolvent corporation, from alienating its property, and to restrain the defendant, Robert Hayes, to whom that company had assigned its property, as general assignee, for

the benefit of its creditors, after it became insolvent, from proceeding in a suit at law commenced by attachment against the complainant, and to restrain him and the auditor in attachment from selling certain machines attached as the property of the complainant, under an order to sell them, pending the attachment, as perishable property.

*Mr. J. F. Randolph, junior,* in support of the rule.

*Mr. A. B. Woodruff,* contra.

THE CHANCELLOR.

The defendant company contracted with the complainant to construct for it an ice machine, according to plans and specifications. It was to be finished perfect in all its parts, and to be put up in working order ready for trial in six weeks, and after trial, to be properly boxed and packed for shipment, and placed on board the cars, for the sum of $4500; the payments to be $300 a week for the first and second weeks, and $400 a week thereafter, until finished, provided the work was satisfactory to the complainants, and the balance when the machine was placed in the cars.

The machine was not ready for trial on the 27th day of June, when the six weeks expired; on that day the complainant extended the time for finishing it for trial to July 9th. At the last mentioned time a trial was had, and the machine succeeded in making ice, but it was not satisfactory to the complainant; the tank, a cast iron vessel, an essential part of the machine, which should have been air tight, was cracked, and leaked, and the reservoir, another essential part, was imperfect and defective. These were defects which justified the complainant in being dissatisfied. They were never remedied by the Paterson Company, or their assignee, though an offer was made, but not accepted, to allow from $400 to $600, the value of these parts, to be deducted from the price.

While the machine was in this situation, the Paterson

Company on the 19th of August, it then being insolvent, assigned all its property to the defendant, Hayes, for the payment of its debts under the provisions of the Assignment Act. Hayes did not cause the machine to be completed or delivered, as required by the contract, but issued an attachment at law for the balance of the $4500 remaining unpaid; under this, the machine was taken and attached, and was ordered to be sold as perishable property, although consisting of iron castings, on account of some daily expense incurred for its storage.

The complainant had paid installments under the agreement, in cash and its equivalent, $2300. This is $200 more than was required by the original contract to be paid before the machine was ready for trial, if it had been ready in the six weeks stipulated in the contract. The extension of time made no provision as to payment during that extension, but the defendants contend that the provisions of the original contract, that $400 a week should be paid until the machine was finished, applied to such extended time, and that the complainant had violated his contract by not making the weekly payments during the extension.

The contract provides that if the machine should not be ready for trial in six weeks from date, a penalty of $50 for each day's default, as liquidated damages, should be deducted from the price.

The first question raised is, whether the complainant is a creditor of the defendant corporation, so as to be entitled to proceed against it under the act to prevent frauds by incorporated companies. The claim for penalties during the twelve days of extension cannot be sustained; the extension of the time for fulfilling a contract, waives the penalties during the time covered by the extension, though it does not as to the time after the extension expired. If it is assumed that the terms of weekly payment applied to the time for which the contract was extended, it must also be assumed that the condition was extended to these payments, which is, that the work should be satisfactory.

The complainant was not satisfied with the work, and it was such as it ought not to be satisfied with. It was not bound to make further payment until after the machine was finished, as the contract stipulated, if at all. Had the machine been delivered and accepted in its unfinished state, payment could have been compelled upon a *quantum meruit*. But upon no principle of law or equity could the complainant have been compelled to accept it in the condition in which it remained, much less have been compelled to pay for it without delivery or receiving anything of value for the price. But if the Paterson Company refused or neglected to complete and deliver it, the complainant had a right to regard the contract as rescinded, and to demand back the money paid. In this view it must be considered as a creditor of the Paterson Company. That company has both the complainant's money and its machine. That company is in fault and the complainant is not. The money or the machine is due to the complainant, and it must be considered as a creditor entitled to call for an injunction and a receiver as against the Paterson Company. The insolvency of that company is both proved and admitted by the answer.

Another question which arises and was discussed, is whether the assignment to the defendant, Hayes, is valid, or whether it is made void by the second section of the act relating to insolvent corporations. That section provides that the directors of a company when insolvent, or in contemplation of insolvency, shall not make any sale, transfer, or assignment of its property, and that such assignment shall be void as against its creditors. And in the fifth section it provides that when an incorporated company shall become insolvent, the Chancellor may enjoin the directors from going on with the business, and appoint a receiver to manage and settle its affairs. The evident intention of this act is to provide that the whole affairs of an insolvent corporation shall be settled in this court, and under its direction, and not by assignees selected by the company or its directors. For this purpose it was necessary that any conveyance or transfer by

the company when insolvent, or in contemplation of insolvency, should be declared void. The words of the act clearly apply to assignments for the benefit of creditors, and the objects to be attained require that courts should give effect to these words in their proper meaning.

The courts of New York have decided that like words in the statute of that state on this subject, make void assignments to trustees for the benefit of creditors. *Bowen* v. *Lease*, 5 *Hill* 221; *Harris* v. *Thompson*, 15 *Barb.* 62.

The complainant is entitled to an injunction restraining the directors and Hayes, the assignee, from proceeding with the business of the Paterson Company, and from disposing of its effects, and to have a receiver appointed.

The assignment to Hayes, who commenced the proceedings in attachment, being void, all further proceedings by him or the auditor in that suit must be restrained.