Excelsior Petroleum Company *v.* Embury.

————•—•—————

## THE EXCELSIOR PETROLEUM COMPANY *vs.* AUGUSTUS EMBURY and others.

The defendants, who were trustees of a manufacturing corporation organized under the act of 1848, (*Laws of* 1848, *ch.* 40,) and the acts amending the same, were charged with a violation of section two of chapter eighteen, title four of the first part of the Revised Statutes, (*vol.* 1, *p.* 1175, 4*th ed.*,) in having paid dividends not from the surplus profits of the plaintiff, but by withdrawing and dividing a part of the capital stock without the consent of the legislature. *Held,* that the two statutes were repugnant to, and in conflict with, each other; and that it was not the meaning or object of the law-makers to apply both statutes to trustees of a corporation created under the act of 1848.

*Held,* also, that the legislature designed to provide, by the act of 1848, itself, for the cases in which individual liability should result from the acts prohibited.

Accordingly, *held,* that an action could not be maintained against the defendants, as trustees, under the provisions of the Revised Statutes.

A subsequent statute, which is clearly repugnant to a prior one, necessarily repeals the former, although it do not do so in terms; and even if the subsequent statute be not repugnant, in all its provisions, to a prior one, yet if the latest statute was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the original act.

A subsequent statute, making a different provision on the same subject, is not to be construed as an explanatory act, but as an implied repeal of the former.

The cases of *Bowen* v. *Lease,* (5 *Hill,* 221;) *Robinson* v. *Bank of Utica,* (21 *N. Y.,* 406;) *Sibell* v. *Remsen,* (33 *N. Y.,* 95;) and *Harris* v. *Thompson,* (15 *Barb.,* 62,) commented on and distinguished.

APPEAL, by the plaintiff, from a judgment entered upon the report of a referee.

*W. H. Dickinson,* for the plaintiff.

*John E. Parsons, B. T. Kissam, Geo. C. Blanke*, and *G. P. Androws*, for the defendants.

*By the Court*, BRADY, J. The defendants in this action are charged with a violation of the provisions of the second section of the eighteenth chapter (title four) of the first part of the Revised Statutes (*vol.* 1, [*4th ed.*,] 1175,) in having paid dividends not from the surplus profits of the plaintiff, but by withdrawing and dividing a part of the capital stock without the consent of the legislature.

They were the trustees of a manufacturing corporation organized under the act of 1848 and those amendatory thereof; and the question presented *in limine* is, whether the statute mentioned applies to them. The thirteenth section of the act of 1848 provides as follows: "If the trustees of any such company shall declare and pay any dividend when the company is insolvent, or any dividend the payment of which would render it insolvent, or which would diminish the amount of its capital stock, they shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be thereafter contracted while they shall respectively continue in office; provided that if any of the trustees shall object to the declaring of such dividend or to the payment of the same, and shall at any time before the time fixed for the payment thereof file a certificate of their objection in writing with the clerk of the company and with the clerk of the county, they shall be exempt from the said liability."

And the twenty-sixth section declares that every corporation created under the act shall possess all the general powers and privileges, and be subject to the liabilities and restrictions, contained in title third, chapter eighteen, of the first part of the Revised Statutes; and that the provisions of section six, of article two, chapter thirteen, of part first of the statutes, shall ap-

ply to every such corporation. The second section of the Revised Statutes, and the thirteenth section of the act of 1848, each impose a penalty for the violations of its provisions in reference to the appropriation of capital to the payment of dividends, and each penalty differs from the other. By the former the directors under whose administration the same may happen, except those who may have caused their dissent therefrom to be entered at large on the minutes of said directors at the time, or were not present when the same happened, shall in their joint and several capacities jointly and severally be liable to the corporation and to the creditors thereof, in the event of its dissolution, to the full amount of its capital stock so divided, withdrawn, paid out or reduced; and by the latter the trustees shall be jointly and severally liable for all the debts of that company then existing, and for all that shall be thereafter contracted while they shall respectively continue in office. The mode, too, in which the director and trustee may relieve himself of responsibility is entirely different. The former accomplishes it, if present, by causing his dissent therefrom to be entered at large on the minutes, and the latter by filing at any time before the time fixed for the payment of 'the same a certificate in writing of his objection with the clerk of the company and also with the clerk of the county. It will also be perceived that the director is exempted from liability if he be not present when the dividend is declared, while the trustee is not thus favored, and must see to it that he file the contemplated objection in writing; and it would seem that he may do so even though he was present and participated in the declaration. The analogy between the provisions of these sections indicates very plainly that the legislature adapted the section of the Revised Statutes—*mutatis mutandis*—to the companies to be formed under the act of 1848, and intended that the provisions of section thirteen, by which that was accom-

plished, should be applicable to them. This is apparent not only from the general structure of the section, but from the declaration made, in section twenty-six, of the parts of chapter 18 of the Revised Statutes to which such companies should be subject. The legislature substantially designed to provide by the act itself for the cases in which individual liability should result from the acts prohibited. (*Rochester* v. *Barnes*, 26 *Barb.*, 657.) There is, however, another reason why this action cannot be maintained. The two statutes are repugnant to each other. It was not the meaning or object of the lawmakers to apply both of these statutes to trustees of a corporation created under the laws of 1848, as already suggested ; and hence the provisions are in conflict with and repugnant to each other. They are not the same in the penalty imposed, the manner in which it may be incurred or absolved, or as to the time when the liability may be enforced. Under the Revised Statutes the directors are liable to the creditors, in the event of the dissolution of the corporation, to the full amount of the capital stock divided or withdrawn. Under the act of 1848, the trustees are liable for the debts then existing, and may be at once prosecuted.

There is no restriction on that subject. A subsequent statute which is clearly repugnant to a prior one necessarily repeals the former, although it do not do so in terms ; and even if the subsequent statute be not repugnant, in all its provisions, to a prior one — yet if the latter statute was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the original act. (*Sedg. on Stat. and Const. Law*, 124. *Rochester* v. *Barnes*, *supra, and cases cited.*) A subsequent statute, making a different provision on the same subject, is not to be construed as an explanatory act, but an implied repeal of the former. (*Dash* v. *Van Kleeck*, 7 *John.* 477. *Columbian Manuf'g Co.* v. *Vanderpoel*, 4 *Cowen*, 556.) Inconsistent provisions incom-

patible with each other are thus repealed, leaving the former law in full force and effect in all other respects. (*Livingston* v. *Harris*, 11 *Wend.*, 329. *Harrington* v. *Trustees of Rochester*, 10 *Wend.*, 547.)

The referee expressed an opinion favorable to the maintenance of this action, feeling bound by the decision in the case of *Bowen* v. *Lease*, (5 *Hill*, 221.) The question considered in that case was whether the New York and Erie Railroad Company was subject to the provisions of the Revised Statutes, under which this action was brought, in relation to an assignment in contemplation of insolvency. It is not in point here, because in the act incorporating that company there was no special provision on the subject of assignments.

The same may be said of the act of 1848. The proposition sought to be established is that in the act of 1848 there is no special provision in reference to assignments in contemplation of insolvency, while on the subject of improper dividends there is, and that element makes the case mentioned inapplicable here.

The case of *Robinson* v. *The Bank of Utica*, (21 *N. Y.* 406,) on which the appellant relies, was one against a banking corporation, and it was held that the provisions of the Revised Statutes relating to assignments made in contemplation of insolvency applied to it. It was organized under the general banking law of 1838, which contained no provision on the subject of such assignments. There were no conflicting statutes, therefore, to be considered and passed upon. The case of *Sibell* v. *Remsen* (33 *N. Y.*, 95) is also one involving the same subject. The Forest Agricultural Steam Engine Co. formed under the general law of 1848, (*supra*,) made an assignment in contemplation of insolvency. The instrument was declared void. It has already been stated that there is no provision in reference to such papers in the act of 1848; and there is no doubt that the pro-

visions of the Revised Statutes apply, on the authorities and on general principles.

The case of *Harris* v. *Thompson* (15 *Barb.*, 62) was also an adjudication upon an assignment in contemplation of insolvency. None of these cases touch the question considered, therefore. The statute of 1848, (*supra,*) in regard to the appropriation of capital in the payment of dividends, creates a new order of things, applicable to companies formed under it, declaring, as we have seen, the act which shall create liability — the extent of the obligation and to whom payable, and the manner of avoiding its burdens. If the several provisions of the Revised Statutes and the act of 1848 stand thus, the trustees must, in order to avoid responsibility, which is a right secured, do what is required on that subject by both statutes, and they are each entirely different from the other. This question has been discussed on the proposition that the defendants, assuming them to have been trustees and to have participated in the acts complained of, really appropriated the capital, and in that way violated the law. If the duty devolved upon this court, in this action, to consider that question, it is not improbable that the views of the referee might be sustained. The subjects embraced in the purpose for which the plaintiffs were organized were of a peculiar and extraordinary character, and about which, on the questions of value, there was, as the evidence, perhaps, shows, little difference of opinion at the time the dividends were declared. It would not be difficult to demonstrate that when the dividends were made, accepting the estimates of value given as reliable, it would seem the capital of the company was intact. It is not designed here, however, to approve directly or indirectly of the use of the capital stock of a company, or any part of it, for the payment of dividends or any other purpose unless expressed and authorized by statute. The safety of the creditor, the stability and usefulness of the company,

and the protection to which the community invited to buy its stock is entitled, all demand that dividends should be paid out of surplus profits — not those which by a lively imagination may be figured out by an array of magnificent numbers, but which in fact exists and can be shown on such examination as an honest and faithful public officer, charged with the duty, would make of the affairs of a company. It is not designed here to state, either, what would positively be the legal result, if the value left the capital apparently intact; but to suggest, merely, that as the plaintiff's case rested upon an alleged difference in values when the dividends were made, the answer to the charge, as matter of fact, was successful, if there was evidence to show that the difference did not in fact exist, although there might be a conflict of testimony on the subject. The judgment must, however, upon the question discussed, be affirmed with costs.(*a*)

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]

(*a*) *S. C.*, reported very briefly, 4 *Hun*, 648. See 63 *N. Y.*, 422, where it *seems* the principle of above decision is affirmed.