THOMAS A. PIERCE, JUNIOR, Assignee, *vs.* GEORGE CROMPTON *et als.*

An assignment made by a non-resident debtor will not suspend nor dissolve a previous attachment under Pub. Laws R. I. cap. 723, § 1, of June 20, 1878.

A foreign corporation doing business in Rhode Island is a non-resident under this statutory provision.

The powers of a foreign corporation doing business in Rhode Island are limited by the laws of the State which creates it.

BILL IN EQUITY to dissolve attachments and to remove a cloud from the title to realty. On demurrer and plea to the bill.

March 4, 1881, the American Mills Company, a corporation organized under the laws of the State of New York, but doing business in the town of Warwick, in the State of Rhode Island, made for the benefit of its creditors an assignment to Thomas A. Pierce, Junior, of all its property liable to attachment. This assignment was made in view of insolvency, and after certain attachments had been levied on its property. Subsequently to this assignment many other attachments were levied on the corporate estates in suits against the company, and April 29, 1881, the company made another assignment to Pierce of all its property for the benefit of its creditors in proportion to their respective claims.

These assignments were made within sixty days of the dates of the attachments.

June 20, 1881, Pierce filed his bill in equity against the attach-

ing creditors, setting forth the above facts, claiming that under Pub. Laws R. I. cap. 723, § 1, of June 20, 1878,[1] the assignments vacated the attachments, praying that the cloud upon his title, caused by the attachments, might be removed, so that he could perform his duties as trustee under the deeds of assignment, and asking that the attaching creditors might be perpetually enjoined from meddling with the assigned property or from asserting any lien thereon.

To this bill some of the respondents demurred, and others pleaded a statute of the State of New York, enacted before the organization of the corporation, and set forth as Vol. I. Revised Statutes, Title 4, cap. 18, § 4: "Whenever any incorporated company shall have refused the payment of any of its notes or other evidences of indebtedness in specie or lawful money of the United States it shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officer or stockholder of such company, directly or indirectly, for the payment of any debt. And it shall not be lawful to make any transfer or assignment in contemplation of the insolvency of such company to any person or persons whatever; and every such transfer and assignment to such officer, stockholder or other person, or in trust for them or their benefit shall be utterly void."

*Providence, July* 9, 1881. PER CURIAM. The court is of opinion that an assignment by a non-resident debtor cannot have the effect of suspending or dissolving a previous attachment or levy under Pub. Laws R. I. cap. 723, § 1, of June 20, 1878, that section being applicable only where the assignment is made by a resident debtor. The court is also of opinion that a foreign debtor corporation is to be regarded under the section as a non-resident debtor. The demurrer to the bill is therefore sustained.

The court is of opinion that a foreign corporation doing business in this State has only such powers as have been conferred upon it by its charter or by the laws of the State to which it owes its existence; that it gains no additional powers by doing business here, because this State does not give it any, but only allows it, as

---

[1] Printed in full *ante*, p. 156 *sq,*

a matter of comity, to exercise such as it has; and consequently, inasmuch as the American Mills Company had no power under the laws of New York to make an assignment for the benefit of its creditors in contemplation of insolvency, that the voluntary assignments made by the company to the complainant, Thomas A. Pierce, are void. *Harris* v. *Thompson*, 15 Barb. S. C. 62; *Robinson* v. *The Bank of Attica*, 21 N. Y. 406; *Loring* v. *The United States Vulcanized Gutta Percha Co.* 30 Barb. S. C. 644; *Sibell* v. *Remsen*, 33 N. Y. 95. The plea to the bill is therefore sustained.

We wish to add that in coming to this conclusion we have kept in mind the fact that the complainant is simply a voluntary assignee of the corporation, having only a deed of assignment without possession of the property assigned, and that he therefore can have acquired no right or claim to the protection of the court by estoppel.

Unless the complainant wishes to contest the fact that the law of New York is as alleged in the plea, the bill will be dismissed.

> *Decree dismissing the bill entered July* 15, 1881.

*George H. Browne & Edwin Metcalf*, for complainant.

*Thurston & Ripley, James Tillinghast, Samuel W. K. Allen*, and *Perce & Hallett*, for different respondents.