## COMPTON *v.* MELLIS.

*(City Court of New York, General Term.   July 1, 1892.)*

1. ACTION AGAINST ASSIGNEE—PERSONAL LIABILITY—EVIDENCE.
    Plaintiff sold and delivered a cargo of coal to a corporation, which, on the next day, executed a general assignment to defendant for the benefit of creditors. Plaintiff told defendant he intended to bring replevin for the coal, on which defendant verbally agreed to take the coal himself at $4.35 per ton.  *Held,* the assignment being void, that an action for the price of the coal was properly brought against the assignee in his personal capacity.

2. SAME—STATUTE OF FRAUDS.
    The transaction by the assignee was an original undertaking, and therefore not within the statute of frauds.

Appeal from trial term.

Action by Oscar Compton against Normant M. Mellis.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before McGown and Fitzsimons, JJ.

*Guy Richards,* for appellant.   *Hyland & Zabriskie,* for respondent.

Fitzsimons, J.   It appears that in October or November, 1884, the plaintiff sold to the Carr & Hobson Company, a corporation, a cargo of coal, consisting of 231 tons, which were delivered on November 14, 1884.   On November 15, 1884, said corporation made a general assignment for the benefit of creditors, and appointed the defendant assignee.   On November 17, 1884, the plaintiff claims that he had a conversation with the defendant in the presence of Mr. Carr, the president of said corporation; said that he was about to bring a replevin action to recover said cargo of coal.   That defendant requested him to wait, and subsequently had several conversations of like tenor with defendant; and that finally, in December, 1884, said that he would personally purchase said coal for $4.35 per ton, and fixed the quantity at 226 tons.   The jury rendered a verdict for plaintiff for $1,402.23.

(1) The defendant contends upon this appeal that, the goods having been sold to Carr & Hobson Company, the defendant's promise to pay for the same was void, because it was not in writing.   (2) He also contends that, even if the goods were sold to him, this action must fail, because not brought against him in his capacity as assignee.   The questions which we deem important are presented for consideration.   The Carr & Hobson Company, being a corporation, had no right to, and it could not make, a general assignment of its property for the benefit of its creditors.   It could only terminate its life by the usual dissolution proceedings, in which a receiver would have been appointed, and until such proceedings were taken the said corporation had a legal existence.   Therefore on the 17th day of November, when plaintiff had the conversation, the defendant had the right, with the consent of the Carr & Hobson Company, to purchase from the plaintiff the coal in question; and, having done so in December, the contract between plaintiff and defendant was an original act, and the usual contract for the sale and delivery of chattels.   This being so, the action was properly brought against the defendant personally.   This ruling we think disposes of all the material questions raised by the appellant.

Finding no errors, the judgment must be affirmed, with costs.