(1 N. Y. Ann. Cas. 397.)
MULLER v. SCANDINAVIAN & FINLANDERS' EMIGRANT CO., Limited,
et al.

(Superior Court of New York City, Special Term.   May, 1895.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—CORPORATION—FRAUDULENT TRANS-
FER OF PROPERTY.
    A general assignment by a corporation, following a transfer of assets and
    money to others in contemplation of the assignment, and in pursuance of a
    plan to defraud its creditors, will be set aside at the suit of a judgment
    creditor.

Action by Edward M. Muller against the Scandinavian & Finland-
ers' Emigrant Company, Limited, and others, to set aside an assign-
ment for the benefit of creditors.  Judgment for plaintiff.  Another
creditor then moved for a reargument, and to set aside the judgment
for want of consideration.  Motion denied.

R. J. Moses, for the motion.
E. Jacob and W. M. Rosebault, opposed.

McADAM, J.   The issues in this action having been tried before
me, after hearing the proofs and allegations of the parties I decide
that the plaintiff is entitled to judgment declaring the general as-
signment referred to in the complaint fraudulent and void as against
the plaintiff, a judgment creditor of the assignor.   Belgard v. Mc-
Laughlin, 44 Hun, 558.   The reasons for this decision, briefly stated,
are that upon the whole case the plaintiff has established to my sat-
isfaction, by a preponderance of evidence, that said assignment was
made and delivered for the purpose of hindering, delaying, and de-
frauding the creditors of the said assignor; that it purports to trans-
fer all the property of the corporation; that shortly prior to the
transfer the said corporation, being insolvent and contemplating the
making of said assignment, did, to prevent the passing to the as-
signee thereunder, transfer to persons other than the assignee mon-
eys and property of the said corporation to a large amount, and
did withhold from the said assignee moneys and property which
ought to have gone to him to pay the creditors of said corporation;
and that such acts, independent of the question whether a domestic
corporation can by general assignment dispose of its entire prop-
erty (see People v. Ballard, 134 N. Y. 269, 32 N. E. 54; Vanderpoel
v. Gorman, 140 N. Y. 563, 35 N. E. 932; Sibell v. Remsen, 33 N. Y.
95; Compton v. Mellis [City Ct. N. Y.] 19 N. Y. Supp. 691), consti-
tute a fraud upon judgment creditors, and render the assignment, as
to them, void.  See Shultz v. Hoagland, 85 N. Y. 464; White v. Benja-
min, 3 Misc. Rep. 490, 23 N. Y. Supp. 981. I therefore direct that judg-
ment be entered as aforesaid, with costs.  The plaintiff will be allowed
to conform the complaint to the facts proved.  Code, § 723.  The facts
developed were proved by persons connected with the corporation,
and the proof in no manner misled the defendants to their prejudice,
nor could it have surprised them.   The form of the judgment to be
settled on notice.