McADAM, J.
—The issues in this action having been tried before me, after hearing the proofs and allegations of the parties I" decide that the plaintiff is entitled to judgment declaring the general assignment referred to in the complaint fraudulent and void as against the plaintiff, a judgment creditor of the assignor. Belgard v. McLaughlin, 44 Hun, 558 ; 9 St. Rep. 38. The reasons for this decision, briefly stated, are that upon the whole case the plaintiff has established to my satisfaction, by a preponderance of evidence, that said assignment was made and delivered'for the purpose of hindering, delaying, and defrauding the creditors of the said assignor; that it purports to transfer all the property of tiie corporation; that shortly prior to the transfer the said corporation being insolvent and contemplating the making of said assignment, did, to prevent the passing to the assignee thereunder, transfer to persons other than the assignee moneys and property of the said corporation to a large amount, and did withhold from the said assignee moneys and property which ought to have gone to him to pay the creditor's of said corporation; and that such acts, independent of the question whether a domestic corporation can by general assignment dispose of its entire property (see People v. Ballard, 134 N. Y. 269; 46 St. Rep. 166; Vanderpoel v. Gorman, 140 N. Y. 563 ; 56 St. Rep. 503 ; Sibell v. Remsen, 33 N. Y. 95 ; Compton v. Mellis, 46 St. Rep. 563, constitute a fraud upon judgment creditors, and render the. assignment, as to them, void. See Shultz v. Hoagland, 85 N. Y. 464 ; White v. Benjamin, 3 Misc. Rep. 490. 1 therefore direct that judgment be entered as aforesaid, with costs. The plaintiff will be allowed to conform- the complaint to the facts proved. Code, § 723. The facts developed were proved by persons connected with the corporation,'and the proof in no manner misled the defendants to their prejudice, nor could it have surprised them. The form of the judgment to be settled on notice.