Complainant, as a creditor of defendant to the extent of less than $200, filed bill to have defendant adjudged insolvent, and for an injunction and receiver under the sixty-fifth section of the Corporation act. P.L. 1896 p. 277.
At the hearing it appears that the defendant is insolvent; that sometime ago it made an assignment for the benefit of its creditors under the General Assignment act (P.L. 1899 p. 146); that it has not since been doing any business and does not intend to; that its affairs are being properly wound up by the assignees (who are also made defendants); there is no proof of any necessity for an injunction or the appointment of a receiver, or that such a course would be of any benefit to the creditors or stockholders. *Page 608 
Complainant argues that notwithstanding the assignment for benefit of creditors, it is the duty of this court to issue injunction and appoint a receiver, citing American Ice MachineCo. v. Paterson Steam, c., Machine Co., 22 N.J. Eq. 72, and the sixth-fourth section of the Corporation act which provides that any conveyance by a corporation while insolvent shall be void.
That statutory provision, however, was enacted in 1896. The Assignment act was passed in 1899, and hence, to the extent that its provisions are inconsistent with the earlier act, it must be deemed to supersede such earlier act.
Section 24 of the Assignment act expressly provides that a corporation may make an assignment for the benefit of creditors under that act. It further provides that notwithstanding the making of such an assignment, this court may issue injunction, and appoint receivers superseding the assignees — but such action is not mandatory.
Neither is it mandatory on this court under the Corporation act, to issue injunction or appoint receiver, although the corporation is shown to be insolvent. Rawnsley v. TrentonMutual Life Insurance Co., 9 N.J. Eq. 95.
Since it does not appear necessary or advisable for the safety of the public or the advantage of creditors or stockholders, the application for injunction will be denied.